May Term,
1858.

JOHNSTON
v.
NIEMEYER.

daries of *Hendricks* county, to show that the complaint, (which contained a description of the premises, giving the section, township and range,) sufficiently showed the jurisdiction.

---

JOHNSTON *v.* NIEMEYER.

Suit commenced before a justice of the peace for a balance due on a promissory note. Answer payment. The defendant offered in evidence two orders drawn by him in favor of the plaintiff after the note was due, which he had proven to have been paid. He also offered to prove that the plaintiff had, since the note was due, received from the defendant 8,000 bricks. *Held*, that as the note was a money contract, and the transactions of which proof was offered were had after the breach of that contract, it was necessary to prove not only an agreement to receive the orders and bricks, but a reception of them by the creditor, as a payment or satisfaction of the note; and for that purpose the evidence was admissible under the general issue, to the benefit of which, by the statute, the defendant was entitled.

*Wednesday,*
*June 2.*

APPEAL from the *Marion* Court of Common Pleas.

HANNA, J.—This was a suit commenced before a justice of the peace for a balance due on a note dated *September* 16th, 1854, due ten days after date. ‘ The defendant put in a general answer of payment. Judgment for the plaintiff. The defendant appealed to the Common Pleas. Jury trial, finding and judgment for the plaintiff.

*Johnston,* who was the defendant below, complains that the Court improperly rejected evidence offered by him upon the trial. This is the only question in the case. The evidence offered consisted, first, of two orders drawn by *Johnston,* after the note sued on was due, in favor of *Niemeyer,* on a third party, having first proven that said orders were paid at the dates thereof to said plaintiff, but witnesses stating that they knew nothing of the notes sued on; and, secondly, one *Miller* was offered as a witness to prove that, at the request of the plaintiff, and on his account, the witness got of the defendant, after the note sued on was due, eight thousand bricks, nothing being said by plaintiff or defendant about the same being a payment on the note

sued on ; but that the plaintiff, at the same time, stated to witness that the defendant was owing him, and he could not get any money out of him, and therefore he wished him to take the bricks.

Was the evidence admissible under the pleadings?

The act regulating the powers and duties of justices of the peace provides that " all matters of defense, except the statute of limitations, set-off, and matter in abatement, may be given in evidence without plea;" and that "matters of set-off claimed by the defendant, shall be filed in writing before entering upon the trial," &c.    2 R. S. p. 455, §§ 34, 36.    A set-off is defined by the statute to "consist of matter arising out of a debt, duty, or contract, liquidated or not, held by the defendant at the time the suit was commenced, and matured at or before the time it is offered as a set-off."   *Id.* p. 39, § 57.   It is clear from this statute, whatever may have been the practice before its adoption, that if the defense attempted to be set up in proof, was properly matter of set-off alone, it should have been "filed in writing," and should have been "set forth with the same certainty required in the complaint of the plaintiff."   § 36, *supra.*   The degree of certainty required in the complaint is declared in the preceding section to be,  "a statement of the grounds of his complaint, or the written instrument which is the foundation of his suit."   In this case we have an answer alleging payment, generally; but no set-off pleaded.   This Court has heretofore held that payment may be made in any thing that the creditor will accept as payment (4 Ind. R. 570; 8 Ind. R. 254); and that proof may be given of such payment having been made and received, either under a general plea of payment, or the general issue.   In the same case (*Louden* v. *Birt*, 8 Ind. R. *supra*) it was held that it is a question for the jury whether what may have been given and received was a payment or not, in the particular case.   As the note was a money contract, and the transactions of which proof was offered were after the breach of that contract, it was necessary to prove not only an agreement to receive, but the reception by the creditor, as a payment or satisfaction, of the orders

and bricks. 4 Ind. R. 469. In that form, the evidence was admissible under the general issue—to the benefit of which the defendant was entitled under the statute (4 Ind. R. 76) —and should have been considered by the jury in determining whether there was such agreement.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. L. Ketcham* and *I. Coffin,* for the appellant.