## SHARP v. RADEBAUGH ET AL.

CONTRACT.—*Sale of Goods.—Delivery.—Acceptance.—Complaint.—Account.— Bill of Particulars.*—A complaint alleged that the defendant was indebted to the plaintiff in a specified sum, being the difference in value of a stock of goods exchanged by the plaintiff with the defendant for certain lands, on the promise of the latter to pay such difference.

*Held,* that the action was not one on account, and, therefore, a bill of particulars was unnecessary.

SAME.—*Performance.—Presumption.*—The alleged acceptance, by the buyer, of goods delivered under a contract to deliver a certain kind of goods, raises the presumption, *prima facie,* that the goods were of the kind specified.

SAME.—*Lien.—Defence.*—Where there is an alleged acceptance of goods under a contract to deliver goods free from all liens, the existence of such liens is matter of defence, in an action to recover the contract price.

SAME.—*Evidence.—Parol Variation of Writing.*—In an action on a written

contract of sale of goods at "cost price, or current rates," evidence was admissible that, in invoicing, certain of the goods were invoiced at an agreed price.

SAME.—*Order of Introducing Evidence.*—*Supreme Court.*—*Presumption.*— Where, from the record, the defendant does not appear to have been prejudiced by the plaintiff's introduction, in his close, of evidence that ought to have been introduced in chief, the Supreme Court will presume in favor of the record.

• From the Clay Circuit Court.

*J. A. McNutt, N. U. Hill, S. W. Curtis* and *E. S. Holliday,* for appellant.

*G. A. Knight, C. H. Knight, A. Daggy,* and *D. E. Williamson,* for appellees.

WORDEN, J.—Complaint by the appellees, against the appellant, in three paragraphs, as follows :

" Shelby Radebaugh and William Parks complain of Pliny F. Sharp, and say that said defendant is indebted to them in the sum of two thousand dollars, the difference in value between certain real estate conveyed by defendant to said plaintiffs, and the sale and delivery to said defendant, by said plaintiffs, of a stock of goods, wares and merchandise, which said difference said defendant agreed to pay said plaintiffs ; that the same is due and unpaid ; that said plaintiffs, before the commencement of this suit demanded payment of said difference, which was refused Wherefore," etc.

"And, for second and further cause of action herein, against said defendant, said plaintiffs say, that on the 1st day of February, 1877, said plaintiffs and said defendant entered into a written agreement, a copy of which is filed herewith, by the terms of which said plaintiffs traded to said defendant a stock of goods then in the town of Martinsville, Illinois, for two lots, to wit : lots numbered 41 and 42 in Brazil, Indiana, with the house thereon situate ; which house and lots were to be taken at the value of $3,300, subject to a lien thereon of $300, which said lien

said defendant was to pay off and discharge, though by mistake and omission [it was?] written in said contract that plaintiffs were 'to take said property subject to said lien,' when it should have read, by agreement of parties, 'clear of said lien' of $300; and said defendant agreed to take said plaintiffs' stock of goods at cost price or current rates, and the excess over and above the value of said house and lots said defendant agreed to pay, one-half cash in hand and the remaining half within twenty days from the date of the delivery of said goods; and the plaintiffs aver that they and said defendant, in pursuance of said contract, invoiced said stock of goods, and ascertained that they amounted by invoice to the sum of forty-eight hundred and thirty-one and $\frac{50}{100}$ dollars; and said goods were delivered to said defendant on the 13th day of February, 1877, accepted, and by him shipped from Martinsville, Illinois, to Brazil, Indiana; that the difference in said exchange, in favor of said plaintiffs, amounts to fifteen hundred and thirty-one and $\frac{50}{100}$ dollars, which said sum, in violation of his said contract, said defendant, although often requested, refuses to pay." There are further allegations in this paragraph, in respect to the lien on the lots, which need not be set out, as no point is made in regard to the lien.

The third paragraph is substantially like the second, except that it alleges, "that said goods were duly invoiced, and the prices thereof at the time agreed upon between said plaintiffs and said defendant, and the same were delivered to said defendant on the 13th day of February, 1877, and accepted by him."

The following is the contract referred to in the second and third paragraphs:

"BRAZIL, February 1st, 1877.

"Article of Agreement made and entered into this day, by and between Radebaugh & Parks, parties of the

first part, and Pliny F. Sharp, party of the second part, Witnesseth: That said first party has this day traded to said second party a certain stock of goods now in Martinsville, Illinois, for a certain house and lots Nos. 41 and 42, situate in Brazil, Indiana; said house to be taken by said first parties, at thirty-three hundred dollars, subject to a lien of three hundred dollars; said goods to be taken at cost price or current rates, by said second party; and the balance, over and above the amount of said house, to be paid by said second party, one-half down and the balance in twenty days from date of delivery of said goods; and it is further agreed by the parties hereto, that no liens or mortgages exist on said stock, and that said goods are of good and reasonable quality, being no old or shop-worn stock.          (Signed,)          RADEBAUGH & PARKS,

"PLINY F. SHARP."

A demurrer for want of sufficient facts was filed to each paragraph of the complaint, but was overruled, and exception taken.

Issue, trial, verdict and judgment for the plaintiffs.

The errors assigned call in question the correctness of the ruling on the demurrers to the several paragraphs of complaint, and in overruling a motion for a new trial.

It seems to us that all the paragraphs of complaint were good on demurrer for want of sufficient facts. No bill of particulars accompanied the first paragraph, nor do we think any was necessary. The paragraph was not based upon an account. It alleged that the defendant was indebted to the plaintiffs in a definite, specified sum, for the difference in value between the stock of goods and the real estate, which sum the defendant promised to pay. On the facts thus alleged, the plaintiffs were entitled to recover. If the paragraph was in some degree indefinite and uncertain, the defect could have been reached by motion but not by demurrer for want of facts.

It is objected that the second and third paragraphs are fatally defective in not showing a performance of the contract on the part of the plaintiffs, either in the mode prescribed by section 84 of the code, by alleging generally that they performed all the conditions on their part, or by alleging such facts as show performance on their part.

It is insisted, as we understand the brief of counsel for the appellant, that these paragraphs should have averred that the goods were of the kind and quality mentioned in the contract, and that there were no liens or mortgages upon them.

It is alleged in both paragraphs, that the goods were delivered to the defendant, and accepted by him. The acceptance of the goods by the defendant must be taken, at least *prima facie*, as an admission by him that the goods were of the quality stipulated for. There may perhaps be cases in which the purchaser of goods may, after having accepted them, be in a condition to claim that they are not such as he contracted for; but the acceptance raises a presumption, at least, that they are such, and that is sufficient for the purposes of this case.

The stipulation in the contract, that the goods were to be free from liens and mortgages, probably adds nothing to what would have been implied in the absence of the stipulation; for the vendor of goods in his possession impliedly warrants the title. 1 Parsons Con. 573.

It seems to us that, as the defendant accepted the goods, if there was any lien or mortgage upon them, it rested upon him to show it; and that there was no necessity of negativing such lien or mortgage in the complaint.

We come to the motion for a new trial. It appears by a bill of exceptions, that, upon the trial of the cause, the plaintiff Radebaugh was permitted to testify, " that after the written contract in suit was executed, and the invoice

of said goods commenced, the plaintiffs and the defendant agreed that the grenadines should be taken at twenty-five cents per yard; that the same were so taken by the defendant and so invoiced; that the defendant was to take the fringe at sixty cents per bolt, and it was so taken by the defendant and so invoiced; that the defendant was to take the kid gloves at six dollars per dozen, and they were so taken by the defendant and so invoiced: that he was to take the linen at twenty-five cents per yard, and did so take the same, and said linen and other articles above named were so put into the invoice." To this evidence the defendant objected, for the reason that it contradicted the written contract; that there was nothing in the complaint to authorize the introduction of the evidence; that it was immaterial and irrelevant.

We are of the opinion that the objection to the evidence was not well taken. The evidence did not contradict the written contract, but was in harmony with it. The contract provided that the defendant was to take the goods at " cost price or current rates." The parties might well agree as to what were " current rates," and invoice the goods accordingly. When the parties agreed at what rates the goods mentioned should be taken, they agreed substantially as to what should be regarded as " current rates."

It further appears, by another bill of exceptions, that after the plaintiffs had introduced their evidence, and the defendant had introduced his evidence and rested, the plaintiffs were permitted to prove by William Parks, " that the defendant, Sharp, after the execution of the written contract set out in the complaint, came to the plaintiffs' place of business in the town of Martinsville, in the State of Illinois, where the goods mentioned in the complaint were then situated, and after the invoice had commenced; that said defendant, after examining said stock of goods, announced that he would not take said stock, and went out

of the store; and that soon after said defendant and Radebaugh came back, and they stated to said witness that it had been agreed between them, that the grenadines were to be invoiced at twenty-five cents per yard instead of thirty-five cents per yard, the cost thereof; that the kid gloves were to be put in at six dollars per dozen, and the fringes were to be taken by the defendant at a reduction of twenty-five cents on each bolt from the cost price, and all the linens were to be invoiced at twenty-five cents per yard, and that said defendant was to take the balance of said stock at the cost thereof."

The plaintiffs were also then permitted to prove by said Parks and —————— Johnson and —————— Johnson, "that, in invoicing said stock, Sharp, the defendant, examined each article of goods for himself, and that, before any article was set down on the invoice, the price thereof was agreed upon between the plaintiffs and the defendant, and that no article was placed upon said invoice until the price of the same had been agreed upon by the plaintiffs and defendant then present." The plaintiffs also then proved by Johnson and Johnson, "that they heard the defendant and plaintiffs state, in their presence, that the grenadines were to be invoiced at twenty-five cents per yard, the kid gloves at six dollars per dozen, the fringe at a reduction of twenty-five cents per bolt, and the linen at twenty-five cents per yard; and the balance of said stock was to be taken at cost, under the tenor of the written contract or memorandum signed by the parties." The defendant objected to the introduction of this evidence, because it was not rebutting and should have been introduced in chief before the plaintiffs had rested their case, and for the further reason that it was incompetent, irrelevant and immaterial, under the issues in the cause; but the objection was overruled.

With regard to the competency of the evidence, had it

been introduced at the proper time, we have little to add to what has been already said. The contract contemplated two modes of determining the value of the goods, viz. : " cost price " and " current rates." There is no reason why a part of the goods might not be invoiced, and received by the defendant at cost price, and the residue at current rates ; and it is clear that the parties might agree as to what should be regarded as current rates. The evidence was competent.

The evidence, in the usual order of procedure, should have been introduced before the plaintiffs had rested their case; but it was in the discretion of the court to permit it to be given at the time it was introduced. We are not advised of the ground upon which the court permitted the evidence to be given out of the usual order, but the presumption is in favor of the action of the court, and that good ground existed.

Nor does it appear that the door was shut against the defendant, to meet the evidence in the same manner as if it had been introduced at the proper time.

The case was substantially made out by the evidence, and the judgment must be affirmed.

The judgment below is affirmed, with costs and five per cent. damages.