Galvin v. The State.

Filed March 5, 1884.

No. 11,472.

GALVIN v. THE STATE.

CRIMINAL LAW.—*Supreme Court.*—Judgments in criminal cases will not be reversed unless such error is shown as would materially injure the accused.

SAME.—*Instruction.*—*Possession of Stolen Goods.*—*Evidence.*—On the trial of an accused for larceny, the court instructed the jury that the recent possession of stolen goods should be deemed evidence of guilt.

*Held,* that the failure to instruct that such possession should be shown to have been exclusive was not error, when the evidence showed that a portion of the goods were concealed about the person of the accused.

From the Hancock Circuit Court.

*C. G. Offutt* and *R. A. Black,* for appellant.

*F. T. Hord,* Attorney General, *G. W. Duncan,* Prosecuting Attorney, and *W. B. Hord,* for the State.

ELLIOTT, J.—The appellant was convicted of the offence of petit larceny, and hence the mistake made by the trial court in stating, in its instructions, the penalty prescribed for grand larceny, could not have harmed him.

Neither in civil actions nor in criminal cases are judgments reversed unless the error was of such a character as to do the accused material injury.

The seventh instruction is assailed upon the ground that it does not tell the jury that in order that recent possession of stolen goods should be deemed evidence of guilt, it should appear that the possession was exclusive. It is probably true that in order to make such possession evidence of guilt, it should be shown to be exclusive, but in this case the omission

in the instruction ought not to be allowed to reverse the judgment, for the only possession proved was exclusive. The evidence upon this point was that part of the stolen goods were concealed about the person of the accused, and there could be no mistake on the part of the jury as to the bearing of the instruction. If there had been evidence of a joint possession, a different case would have been presented, but, under the evidence in this case, there was an exclusive possession or none at all. There could, therefore, have been no doubt in the minds of the jury upon this point.

We have carefully read the evidence, but find no reason which will justify us in disturbing the verdict.

Judgment affirmed.

Filed Feb. 20, 1884.