## CAMPBELL v. THE STATE.

[No. 18,406.　Filed March 18, 1898.]

LARCENY.—*Possession of Stolen Property.—Presumption.—Instruction.*—On a prosecution for larceny the court instructed the jury that the exclusive possession, by defendant, of the stolen property, soon after the larceny, if not satisfactorily explained, raises a "presumption of law" that defendant is guilty. *Held*, that the instruction was technically incorrect, in that the presumption raised was a presumption of fact, and not of law, but that the error was harmless, where other instructions given showed that the court meant a disputable, and not a conclusive, presumption. *pp. 75-82.*

SAME.—*Possession of Stolen Property.—Presumption.—When Duty of Jury to Convict.*—Where, on a prosecution for larceny, the evidence established beyond a reasonable doubt that the stolen goods were found in the exclusive possession of the defendant who failed to account for such possession so as to show that it was an honest one, or gave a false account thereof, and there was no other evidence or proof of countervailing circumstances, the jury were legally bound to find defendant guilty, although the presumption upon which the jury found such guilt was technically a presumption of fact and not one of law. *p. 84.*

CRIMINAL LAW.—*Appeal.— Reversal of Judgment.—* Judgments in criminal cases ought not to be reversed for errors which do not materially injure the accused. *p. 85.*

From the Noble Circuit Court.　*Affirmed.*

*H. C. Peterson* and *E. G. Cook*, for appellant.

*W. A. Ketcham*, Attorney-General, *Alfred E. Dickey* and *William M. Aydelotte*, *Merrill Moores* and *S. E. Alvord*, for State.

McCabe, J.—The appellant was jointly indicted with another, his wife, charging them with burglary and larceny. The appellant was tried separately by a jury, was found guilty of petit larceny and judgment followed upon the verdict, the court having overruled appellant's motion for a new trial. The only ruling insisted on as error, under that motion, is the giving of the following instruction by the court: "If you find from the evidence, beyond a reasonable doubt that the goods described in the indictment, or any portion of them, were stolen, and that such stolen property was found in the exclusive possession of the defendant, within a short time after the larceny was perpetrated, such possession imposes on the defendant the duty and burden of explaining his possession of the said goods; and, if he has failed to satisfactorily account as to how he came by the stolen property, or has given a false account of how he came into possession of such stolen property, the law presumes that the defendant stole the property, and this presumption may be strong enough to justify you in finding him guilty."

The objection urged to this instruction is that the presumption arising from the facts recited therein is one of fact, and not one of law, as the appellant insists the instruction plainly implies. In support of the objection to this instruction counsel cite us to *Blaker* v. *State*, 130 Ind., at pp. 205-207, where this court condemned an instruction as erroneous because it told the jury that the presumption of guilt arising from a similar state of facts was conclusive, the court there saying that "this is plainly erroneous." This court also said in that case that: "The exclusive possession of stolen property soon after the larceny, if unexplained, raises a presumption that the person in whose possession it is found is guilty of the larceny. Gillett

Crim. Law, section 553; *Smathers* v. *State*, 46 Ind. 447; *Galvin* v. *State*, 93 Ind. 550; *Turbeville* v. *State*, 42 Ind. 490; *Hall* v. *State*, 8 Ind. 439; *Engleman* v. *State*, 2 Ind. 91; *Jones* v. *State*, 49 Ind. 549."

This decision only lacks one element of upholding the instruction now before us, and that is, it told the jury that the facts enumerated raises a presumption of guilt without saying whether the presumption so raised was one of law or fact, while the one now before us tells the jury that it was one of law.

One of the cases cited in the quotation above, namely, *Smathers* v. *State*, 46 Ind., at p. 450, states the law thus: "The court should have charged the jury that if it found from the evidence that the goods described in the indictment, or some portion of them, had been stolen, and that such stolen property had been found in the exclusive possession of the defendant within a short time after the larceny was perpetrated, such possession imposed upon the defendant the duty and burden of explaining his possession; and if he has failed to satisfactorily account as to how he came by the stolen property, or has given a false account of how he came into possession of such stolen property, the law presumes that the defendant stole such property, and this presumption was strong enough to justify them in finding the defendant guilty." But it is contended that it has since been held by this court that such presumption is one of fact and not one of law, and that such holding is to be found in *Smith* v. *State*, 58 Ind. 340; *Blaker* v. *State*, *supra;* and *Dean* v. *State*, 130 Ind. 241.

It matters little that the last case does not sustain appellant's contention, as the other two cases do, and that the weight of authority generally does sustain it. But there were other instructions upon the subject, which makes it necessary to examine the differ-

ence between presumptions or inferences of law and fact.

Appellant's counsel refer us to the following statement of the law on the subject from *Ayres* v. *State*, 21 Tex. App. 399: "Possession of property recently stolen is *prima facie* evidence of theft, and whilst the law would from such circumstances authorize an inference and presumption of guilt, such an inference and presumption is not a mere legal one but is one of fact to be found by the jury. And the court should, in no instance, charge the conclusiveness of such presumption or inference, but should submit them as facts to be found by the jury, for, at most, they are but circumstances only from which guilt is inferred, and not positive proof establishing it." This we think is a correct statement of the law. But there is nothing in the instruction before us to the effect that the presumption was conclusive unless it be in the words in the instruction, "the law presumes that the defendant stole such property." But there are two kinds of legal presumptions. If one of them was intended and meant by the language quoted from the instruction before us, then the instruction was not materially erroneous; and, if the other was intended, then perhaps it was.

Speaking of presumptions of law, Burrill on Circumstantial Evidence, at p. 46, *et seq.*, says: "Of these presumptions of law, some are, as already observed, mere natural presumptions or principles, recognized and enforced without change. Others are natural presumptions artificially strengthened. Others, again, are mere technical assumptions, or arbitrary rules. They have long been divided into two distinct classes: *conclusive*, or absolute, and *disputable* or rebuttable presumptions.

"*Conclusive* presumptions, as they are ably ex-

plained by an American writer on the subject, 'are rules determining the quantity of evidence requisite for the support of any particular averment, which is not permitted to be overcome by any proof that the fact is otherwise. They consist chiefly of those cases in which the long experienced connection (between facts) has been found so general and uniform, as to render it inexpedient for the common good, that this connection should be taken to be inseparable and universal. They have been adopted by common consent, from motives of public policy, for the sake of greater certainty, and the promotion of peace and quiet in the community; and therefore it is that all corroborating evidence is dispensed with, and all opposing evidence is forbidden.' * * * Of this class is the presumption that a sane man contemplates and intends the natural and probable consequences of his own acts, which has already been shown to be a natural presumption or principle. Another is, that an infant under seven years of age is incapable of committing a felony, which also rests essentially upon the laws of nature; the precise limitation of time being dictated by obvious considerations of expediency, and indeed of necessity. 'In these cases of conclusive presumption,' it has been well remarked, 'the rule of law merely attaches itself to the circumstances, when proved; it is not deduced from them. It is not a rule of inference from testimony; but a rule of protection, as expedient, and for the general good.'

"*Disputable* or rebuttable presumptions, otherwise called inconclusive presumptions, and by the civilians *presumptiones juris tantum*, are, like the preceding class, intendments made by law, but, unlike them, only hold good until disproved. 'These, as well as the former,' observes an American writer, already quoted,

'are the result of the general experience of a connection between certain facts or things, the one being usually found to be the companion or the effect of the other. The connection, however, in this class, is not so intimate, nor so nearly universal, as to render it expedient that it should be absolutely and imperatively presumed to exist in every case, all evidence to the contrary being rejected; but yet it is so general and so nearly universal, that the law itself, without the aid of a jury, infers the one fact from the proved existence of the other, in the absence of all opposing evidence. In this mode, *the law* defines the nature and amount of the evidence which it deems sufficient to establish a *prima facie* case, and to throw the burden of proof on the other party; and if no opposing evidence is offered, the jury are bound to find in favor of the presumption.'"

And the same author, on page 59, says: "It is not to be understood, however, that presumptions *of law* are excluded from the view of juries in criminal cases. Some leading presumptions of this class, and belonging to its rebuttable division, such as the presumption of malice in cases of homicide and of an intent to defraud in cases of forgery, constantly occur for consideration, and are of great importance as guides to correct conclusions. It is true, that these are essentially founded upon a natural presumption which has been already adverted to; but they are not processes, nor the results of processes of reasoning from proved facts in particular cases. The fundamental natural presumption itself has been shown to be strictly an abstract *rule* or maxim, and of the same character are the legal presumptions derived from it. Hence it belongs properly to the province of the *court* to direct the attention of the jury to such of them as become applicable in cases submitted to

them for trial. Of conclusive presumptions in criminal cases, there are but few; and the fewer, it is said, the better."

Then the author discusses at length and classifies the various kinds of presumptions of fact, and on page 66, continues thus: "A strong presumption of fact, is one which, in the language of *Huberus*, determines the tribunal in its belief of an alleged fact, without, however, excluding the belief of the possibility of its being otherwise. Its effect, therefore, is to shift the burden of proof to the opposite party, and if this proof be not made, the presumption is held for truth. The recent possession of stolen goods, by an accused person, raises a *strong* presumption that he is the thief; it puts him upon his defense, and calls upon him to show how he came by them; and, in the event of his failing to do so, satisfactorily, it justifies the final and absolute presumption of his guilt. Presumptions of this nature are entitled to great weight, and, where there is no other evidence, are generally decisive in civil cases. * * * A strong presumption of fact is scarcely distinguishable from a rebuttable presumption of law. Indeed, in some cases, the same presumption has been referred to both heads." See the authorities cited by the author in support of these several propositions. These principles account for the seeming conflict of our own cases upon this point.

Now if the court in giving the instruction before us had reference to a rebuttable or disputable presumption of law, then it had reference to that sort of a presumption of law that is scarcely distinguishable from a presumption of fact. And if the professional mind can scarcely make the distinction, certainly there is no room for the supposition that the nonprofessional mind of the jury ever saw the distinction, and hence no room for the supposition that the jury

Campbell *v.* The State.

were ever misled by the instruction. The other instructions given at defendant's request make it abundantly clear that the court meant by the instruction, not the conclusive or indisputable presumption of law, but the rebuttable or disputable presumption of law.

The following are some of the other instructions given at the request of defendant: "(5) You are further instructed that before you can find the defendant, Charles Campbell, guilty under the second count of the indictment, the State must establish by the evidence, beyond a reasonable doubt, that the defendant, at the county of Noble, in the State of Indiana, within two years prior to May 19, 1897, feloniously stole some of the goods mentioned in said count." "(7) If the jury believe from the evidence that the goods charged to have been stolen, or some of them, were found, shortly after the burglary, in the exclusive possession of the defendant, Charles Campbell, and he has failed to show how he came by them, he having it in his power to explain his possession, if it was an honest one, such possession is a circumstance from which the jury are authorized to raise a presumption in connection with the other circumstances in the case, to weigh against the defendant, but the defendant is only bound, in such case to raise a reasonable doubt whether he had so come by said property or not." "(9) If the evidence raises a reasonable doubt in your minds whether Loucella Campbell, the defendant's wife, stole said goods before she was married, and after said marriage brought said goods to her husband, and they were found in his house, then I charge you that he would not be called upon to account for his possession of them, and it will be your duty to acquit him under the charge of larceny." "(10) If the defendant has

shown to you that he has always heretofore been possessed of a good character for honesty, you may take that fact into consideration with all the other facts in the case in determining the probability of his having committed the offense charged." "(11)    Before you can convict each juror must be satisfied of the defendant's guilt beyond a reasonable doubt."

It thus clearly appears, when construing these instructions along with the one complained of, that the court did not mean by that instruction that the presumption of law arising upon the facts therein recited belonged to the class of presumptions known as conclusive presumptions of law, but on the contrary made it plain that the court meant and intended it to be understood as belonging to the other class of legal presumptions known as rebuttable or disputable presumptions of law.    While the instruction was technically incorrect in calling it a presumption of law instead of a presumption of fact, yet as there is no practical difference between a disputable presumption of law and a presumption of fact, and in view of the other instructions, it is made clear that it could not have misled the jury.

If the author from whom we have quoted is correct in saying that "a strong presumption of fact determines the tribunal in its belief of an alleged fact," and that "its effect therefore is to shift the burden of proof to the opposite party, and if this proof be not made, the presumption is held for truth;" and that "the recent possession of stolen goods, by an accused person raises a strong presumption that he is the thief," and that "it puts him upon his defense, and calls upon him to show how he came by them; and, in the event of his failing to do so satisfactorily, it justifies the final absolute presumption of his guilt," how can it logically or reasonably be contended that

the jury had any right, under such circumstances, to do otherwise than convict. There can be no doubt that the above statement of law is supported by the overwhelming weight of authority. But it is said that the presumption arising upon the facts recited in the instruction in question was one of fact to be found by the jury and not of law. So, too, the rebuttable presumption of law must also be found by the jury. And the question arises, was not the jury just as much bound to find the truth of the presumption in the absence of all countervailing evidence, even though the court had stated it to be one of fact, instead of stating incorrectly as it did, that it was one of law? Most certainly it was. When the evidence shows beyond a reasonable doubt that goods recently stolen are found in the exclusive possession of the accused, and there is no other evidence and no countervailing circumstances, then the jury are not only justified in finding the defendant guilty, but they are not justified in finding any other way. Where the evidence is legally sufficient to establish a fact, and there is no contradictory evidence or countervailing circumstances, the law absolutely requires the jury to find according to such evidence, and they have no right to arbitrarily disregard such evidence. *State, ex rel.,* v. *Wilson,* 90 Ind. 114.

If the facts recited in the instruction in question were proved beyond a reasonable doubt, and there was no contradictory evidence or countervailing circumstances in evidence, which supposition, as all the instructions construed together clearly indicate, the court made a condition to the final presumption of law that appellant was guilty, and, if that supposed uncontradicted evidence had the legal quality to warrant a conviction, even though it was a presumption of fact, and not one of law, it was the bounden and unavoidable duty of the jury to find him guilty.

Did the facts recited in the instruction have that legal quality in the absence of all opposing evidence? The author from which we have quoted above answers that question at page 446 thus: "Hence it has become a rule of evidence, that the possession of property which has been recently stolen, raises such a presumption of guilt against the possessor, as to throw on him the burden of showing how he came by it, or that he came honestly by it; and, in the event of his failing to do so, to warrant the final inference or conclusive presumption of his being the real offender. The presumption arising from the possession of the property, in such cases, furnishes, indeed, the most common and simple instance of the application and effect of presumptive evidence, in the whole range of criminal law. The presumption itself is strictly a natural one, although, from its being fully recognized by the law, it has sometimes been regarded as a presumption of law."

If, therefore, the evidence established beyond a reasonable doubt that the recently stolen goods were found in the defendant's exclusive possession, and he failed to account for such possession so as to show that it was an honest one, or gave a false account thereof, and there was no other evidence or proof of countervailing circumstances, the jury were legally bound to find him guilty, although the presumption upon which they found such guilt was technically a presumption of fact and not one of law. And the instructions, including the one in question, did not go that far.

There being no practical difference between a rebuttable presumption of law, that being the kind of a presumption the court meant, and a presumption of fact, the instruction in question, when construed along with others, under the law, though technically

incorrect, yet, under the circumstances, it required of the jury no different finding than if the presumption mentioned had been stated to be a presumption of fact. Therefore, under the circumstances of this case, there was no material error in giving the instruction, though it was technically incorrect in the respect mentioned. Under such circumstances, the statute and decisions of this court forbid the reversal of a judgment for such error. Section 1964, Burns' R. S. 1894 (1891, R. S. 1881); *Short* v. *State*, 63 Ind. 376; *Norton* v. *State*, 106 Ind. 163; *Binns* v. *State*, 66 Ind. 428; *Powers* v. *State*, 87 Ind. 144; *Wood* v. *State*, 92 Ind. 269; *Clayton* v. *State*, 100 Ind. 201; *Epps* v. *State*, 102 Ind. 539; *Strong* v. *State*, 105 Ind. 1; *Galvin* v. *State*, 93 Ind. 550; *Henning* v. *State*, 106 Ind. 386, 55 Am. Rep. 756; *Murphy* v. *State*, 97 Ind. 579; *Choen* v. *State*, 85 Ind. 209, 211. And it has been held, very properly, we think, in a long line of decisions that judgments in criminal cases ought not to be reversed for errors which do not materially injure the accused. *Wood* v. *State*, *supra;* *Galvin* v. *State*, *supra;* *Clayton* v. *State*, *supra;* *State* v. *Bowman*, 103 Ind. 69; *Henning* v. *State*, *supra;* *Trout* v. *State*, 107 Ind. 578; *Phillips* v. *State*, 108 Ind. 406. Therefore the judgment is affirmed.