## MILGRAM *v.* BROWN SHOE COMPANY.

[No. 11,552. Filed May 16, 1923. Rehearing denied October 12, 1923.]

1. TRIAL.—*Order of Proof.—Discretion of Court.*—The order in which evidence is heard is within the discretion of the court; it was not error for the court in an action on open account to permit plaintiff after the close of defendant's evidence to prove nonpayment of the purchase price of merchandise sold. p. 387.

2. ACCORD AND SATISFACTION.— *Payment.— Consideration for Agreement.—Acceptance of Returned Goods.—Review.—Pleading.—Proof.*—In an action on open account, where the buyer alleged an agreement that the purchased goods might be returned for credit, and that they were returned, but did not allege any consideration for the agreement or that the returned goods were accepted by seller and no evidence was offered to that effect; *held,* there was no error in excluding evidence that the buyer returned the goods, whether the transaction was one of attempted accord and satisfaction or attempted payment, such averment and proof of acceptance, in the absence of consideration, being necessary. p. 387.

From Lake Circuit Court; *E. Miles Norton,* Judge.

Action by the Brown Shoe Company against Samuel H. Milgram. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Harry P. Sharavsky,* for appellant.
*Hodges & Ridgely,* for appellee.

NICHOLS, C. J.—Action by appellee against appellant on an open account wherein appellee sought to recover from the appellant $1,488, to which complaint appellant filed answer in general denial, and a second paragraph in substance that on January 14, 1922, and for a long time prior thereto appellant had been the exclusive agent of appellee in the city of Gary, Indiana, for the sale of appellee's shoes known as Buster Brown shoes; that as such agent, he purchased from appellee at divers times and on different occasions this line of shoes. That on January 14, 1922, appellee by its duly authorized

agent, revoked the agency of appellant to sell Buster Brown shoes exclusively in Gary, Indiana, and that at the time appellee revoked said agency, appellee, by its duly authorized agent, informed appellant that whereas appellee had revoked such agency, appellant should return all Buster Brown shoes that he had in stock at the time of the agency; and that appellant would be credited therefor with the original purchase price, to which arrangement appellant agreed; that on or about February 1, 1922, appellant did ship to appellee all his stock of Buster Brown shoes as agreed upon by appellant and appellee; that the purchase price of this lot of Buster Brown shoes so shipped amounted to $1,470.66; that appellant thereupon requested appellee to allow credit for the sum of $1,470.66 on his account; that thereafter there remained unpaid $17.34 on such account, and on February 11, 1922, appellant forwarded to appellee his check for $17.34, being the entire balance due, and asked that the account be closed; that appellant now has on hand for the use of appellee the said $17.34, which he is willing and ready to pay to appellee on demand. Appellant prayed judgment, that he be given credit for the goods so returned and that appellee take nothing by its complaint. Appellee filed a reply in general denial.

On these issues the cause was submitted to the jury for trial, and, after the evidence was heard, the court, on motion of appellee, instructed the jury to return a verdict for appellee in the sum of $1,488, being the full amount of the account. The verdict was returned accordingly, on which, after appellant's motion for a new trial was overruled judgment was rendered, from which this appeal, appellant assigning as error the action of the court in overruling his motion for a new trial.

It was stipulated at the trial that goods to the amount

of $1,488 were shipped by appellee to appellant and re-
ceived by him at his place of business in Gary, that he
had not paid for them so far as paying for them in
money is concerned, that $1,488 was the agreed price,
that the statement set out in appellee's complaint was
correct with the exception that appellant did not admit
that he owed the claim. Following this admission ap-
pellee rested, but later, and after appellant had closed
his evidence, appellee was permitted to give evidence,
over the objection of appellant, that it had not received
its pay for the merchandise so sold.

There was no reversible error in the court's ruling
admitting this testimony. The order in which evidence
is heard is largely in the discretion of the court
1. and there was here no abuse of discretion.
*Nichols, Admr.,* v. *State, ex rel.* (1879), 65
Ind. 512.

There was evidence that the sales agent of appellee,
at the time he informed appellant that his company
could no longer sell to appellant Buster Brown shoes,
said that appellant might return such shoes of that
brand as he had on hand. Before closing this interview,
however, the agent requested appellant not to take any
action until he heard from him further. Later, and be-
fore appellant had shipped any of the shoes which he had
in stock, he was informed by letter from appellee that it
would not take back the shoes, that, if he shipped them,
they would not be accepted, and that they would be held
at the depot at the risk of appellant. Offered evidence
that appellant had shipped the shoes to appellee was
rejected and of this ruling appellant complains.

It will be observed that there was no averment in
the second paragraph of answer of any consideration
for the agreement that the shoes might be re-
2. turned or that appellee accepted the shoes which
appellant returned to it, and no evidence was of-

fered to this effect. Whether the transaction was one of attempted accord and satisfaction, or attempted payment, such averment and proof of acceptance, in the absence of such consideration, was necessary, and in the absence thereof there was no reversible error in refusing appellant's offered evidence that he had shipped the goods. There was no agreement at the time of the sale that payment should be made in anything other than money, and, in order that appellant might have credit for the shoes he returned, it was necessary not only to show that there was an agreement to receive them in payment, but that they were accepted by appellee in payment. *Johnston* v. *Niemeyer* (1858), 10 Ind. 350; *Harbor* v. *Morgan* (1853), 4 Ind. 158; *Hart* v. *Crawford, Exrx.* (1872), 41 Ind. 197; 30 Cyc 1255, 1265; *Lofland* v. *McDaniel, Admr.* (1898), 1 Pennewill (Del.) 416, 41 Atl. 882. There being no proof of acceptance by appellee of the merchandise which appellant undertook to return, the court did not err in instructing the jury to return a verdict in favor of appellee for the full amount of its claim.

Judgment affirmed.

Dausman, J., dissents.