DAVIDSON *v.* STATE OF INDIANA.

[No. 25,897.   Filed November 3, 1933.]

*Hanley & Hanley,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

HUGHES, J.—The appellant was charged with the crime of bank robbery; was tried by a jury and found guilty. The errors assigned are: (1) The court erred in overruling appellant's motion in arrest of judgment; (2) the court erred in overruling appellant's motion for a new trial.

The first assignment of error is waived by the appellant and he relies for a reversal of this cause upon specifications numbered, 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 15, 22, 25, 26, 27, 28, 31, 32, 35, and 37, in his motion for a new trial.

Specification numbered (1) refers to the admission of State's exhibits two to seven inclusive, the same being interest coupons from bonds stolen from the State Bank of Rensselaer, Indiana, on September 7, 1928. The appellant was arrested in Oklahoma City in February, 1929. In the handbag of the defendant at the time of his arrest two envelopes were found which contained

six interest coupons which had been taken from the Rensselaer Bank. Exhibit one, of the State, was the envelope and exhibits two to seven inclusive were the interest coupons. To the introduction of these exhibits the appellant objected. The objection was overruled. The theory of the objection to the admissibility of the exhibits was that the charge against the appellant charged him with confining and threatening to confine, kill, maim, and injure certain persons and putting such persons in fear for the purpose of stealing property from said State Bank of Rensselaer, Indiana.

The contention of the appellant can not be sustained. The affidavit charged the appellant with the intent to commit larceny by stealing bonds, money, and other valuables, and by putting certain named persons in fear for the purpose of committing larceny. Some five months after the bank robbery certain coupon interest notes were found in the possession of the appellant.

It has been repeatedly held by this court that when it is proved that property has been stolen, and the same property, recently after the larceny, is found in the exclusive possession of an other, a presumption arises that the party in whose possession such property is found is the thief, in the absence of any showing that such possession was innocently acquired. *Rosenberg* v. *State* (1922), 192 Ind. 485, 137 N. E. 53; *Isenhouer* v. *State* (1901), 157 Ind. 517, 62 N. E. 40; *Madden* v. *State* (1897), 148 Ind. 183, 47 N. E. 220; *Campbell* v. *State* (1897), 150 Ind. 74, 49 N. E. 905; *Johnson* v. *State* (1897), 148 Ind. 522, 47 N. E. 926; *Mason* v. *State* (1908), 171 Ind. 78, 85 N. E. 776.

In the case of *Mason* v. *State, supra,* the following instruction was approved; "That if the jury found from the evidence to the exclusion of any reasonable doubt that the money described in the indictment was stolen and that such stolen property was found in the exclusive possession of the defendant within a short time after

the larceny was perpetrated, such possession imposes on the defendant the duty and burden of explaining his possession of such money; and if he has failed to satisfactorily account as to how he came by the stolen property, this would raise a presumption of fact that the defendant stole the money and this presumption may be strong enough to justify one in finding him guilty, if all the .other material averments in the indictment have been proved to be true to the exclusion of any reasonable doubt."

In the instant case five months elapsed from the time the bonds were stolen until they were found in the possession of the appellant. Does this fact prevent the evidence from being admissible? We do not think so. It is true that most of the cases use the expression "where the stolen property, recently or shortly after the larceny has been committed is found" and etc. If some time has elapsed between the time of the larceny and the finding of the stolen goods, this fact might effect the weight of the evidence but it should not effect its competency. The case of *Commonwealth* v. *Montgomery* (1846), 52 Mass. 535, is directly in point upon this proposition. In this ·case, four months had passed since the commission of the larceny and the finding of the property. In this case the court said: "The possession of a part of the stolen property at a period somewhat distant would be competent testimony to be submitted to the jury, and might, with other sufficient evidence, tend to satisfy them of the guilt of the party. But its weight and effect are different from that of evidence of possession immediately after the larceny." In the instant case, the evidence was proper to go to the jury.

It is next insisted that the court erred in admitting in evidence State's exhibits 17 and 18, the same being newspaper clippings found in appellant's possession when he was arrested. In exhibit 17 the article refers to bonds that were taken in a "day-

light raid on the State Bank of Rensselaer, Iowa," and in exhibit 18 the article refers to bonds "taken from the Whitney Trust Company of Rensselaer and State Bank of Atlantic, Iowa." It is true that the article referred to in the exhibits mentioned Rensselaer, Iowa, but the bonds found in the possession of the defendant belonged to the State Bank of Rensselaer, Indiana, and if the defendant was guilty of holding up that bank (and the jury found him guilty) then the most natural thing for him to do would be to keep informed as to what newspapers and officers were doing and saying about the robbery of said bank and while the newspaper stated that it was the State Bank of Rensselaer, Iowa, the defendant well knew that it meant Indiana. Taken in connection with the finding of the bonds, the newspaper clippings found with them were entitled to be introduced, at least as tending to show knowledge and a guilty conscience.

Any statement or conduct of a person indicating a consciousness of guilt, where at the time or thereafter he is charged with or suspected of the crime, is admissible as a circumstance against him on trial.

Evidence of circumstances, which are part of a person's behavior subsequent to an event with which it is alleged or suspected he is connected with or implicated in, are relevant if the circumstances are such as would be natural and usual, assuming the connection or implication to exist. Underhill, Criminal Evidence (2 Ed.) 213.

The appellant predicates error upon the ground that a witness by the name of Harry B. Rouse was permitted to testify in a habeas corpus proceeding that the appellant stated he had never had the bonds in question in his possession. Mr. Rouse was the sheriff who went to Oklahoma City and arrested the appellant. He was present at the habeas corpus proceeding and heard the appellant testify.

The objection to this evidence was that the transcript of the habeas corpus proceedings as taken by the court reporter would be the best evidence and that the evidence given was secondary.

There was no error committed in the admission of this evidence. Where one charged with a crime denies, or gives a false account of a circumstance or suspicious fact, tending to connect him with the offense, such denial may be regarded as a criminal circumstance proper to go to the jury. *McDonel* v. *State* (1883), 90 Ind. 320.

In the conversation with Mr. Rouse the appellant stated that he had never had the bonds in question in his possession, but as a matter of fact, they were found in his possession. The rule is that "Statements and declarations by accused, before or after the commission of the crime, although not amounting to a confession, but from which, in connection with other evidence of surrounding circumstances, an inference of guilt may be drawn, are admissible against him as admissions. Such statements and declarations are original evidence and may be introduced without laying the foundation which is necessary when it is sought to impeach a witness." 16 C. J. p. 626, Sec. 1243.

The fact, if it be fact, that the evidence of the appellant given in Oklahoma City was taken down by a court reporter and transcribed in longhand would not exclude the oral evidence given by Mr. Rouse. The reporter's notes would be but the written memorandum of a person, taken at the time, under official sanction. It might be more reliable and satisfactory evidence than any testimony from memory but the latter is not rendered incompetent by the fact of the existence of an official report.

In the case of *Wabash R. Co.* v. *Miller* (1901), 158 Ind. 174, 61 N. E. 1005, the court said: "It is proper to observe that we have no statute which gives legal

value to the shorthand notes of an official stenographer in a subsequent trial of the case, and when such stenographer reads his notes, or refreshes his recollection thereby, he is, in legal effect, doing nothing more or less than repeating to the best of his ability what the witness said in his presence."

No error was committed in the admission of the evidence of Mr. Rouse.

The specifications 5 to 12 inclusive assigned as reasons for a new trial are for all intents and purposes the same as set out in specification number 4, except that ▆▆▆ the objection was made that the evidence given was not proper rebuttal evidence. The evidence related and the witnesses testified to the time the appellant arrived in St. Louis on September 7, 1928; the time he checked out of the hotel; the time he left St. Louis; the time he made a deposit in a St. Louis Bank; and the time of his arrival in Kansas City, Missouri.

We are of the opinion that all of this evidence was proper rebuttal evidence. It was not necessarily affirmation proof of the original cause and, even if the evidence was not strictly rebuttal evidence, but properly a part of the case in chief, it is within the discretion of the court to admit such evidence where no injustice was done the appellant in the admission of the evidence complained of.

Jones on Evidence (2 Ed.) Vol. 6, Sec. 2504; *Sharp* v. *Radebaugh* (1880), 70 Ind. 547; *Coats* v. *Gregory* (1858), 10 Ind. 345; *Milgram* v. *Brown Shoe Co.* (1923), 80 Ind. App. 385, 139 N. E. 377; *Baum* v. *Palmer* (1905), 165 Ind. 513, 76 N. E. 108; *Stalker* v. *Breeze* (1916), 186 Ind. 221, 225, 114 N. E. 968.

The appellant complains of instructions numbered 3, 4, and 10 given by the court of its own motion; also instructions numbered 11, 12, and 14 tendered by the State

and given, and in refusing to give instructions numbered 1, 7, 12, and 17 tendered by the defendant.

Instructions 3 and 4 relate to the credibility of the witnesses, and we believe they both fairly state the law. The jury could not be misled by them, nor the appellant injured in any of his rights. The appellant has not pointed out any harm done him by these instructions.

If these instructions, or either of them, were harmful to appellant, the burden was upon him to show that it was. *Williams* v. *State* (1924), 196 Ind. 84, 147 N. E. 153.

The appellant attacks instruction number 10, given by the court of its own motion. The instruction is as follows: "You are instructed that if you believe from the evidence in the cause, beyond a reasonable doubt, that the State Bank of Rensselaer, Indiana, was robbed on the 7th day of September, 1928, and that certain property including money, bonds, and securities were stolen from said bank at said time, and if you further believe from the evidence in the cause, beyond a reasonable doubt, that some of the property stolen from said bank was shortly after the robbery found in the possession of the defendant, the failure if there be, of the defendant to account for such possession, or to show that such possession was honestly obtained, is a circumstance which you may take into consideration in determining whether the defendant was present in Rensselaer, Indiana, at the time of the alleged robbery, and whether the defendant is guilty of the crime charged." This instruction is not open to the charges made against it by the appellant. There is nothing in this instruction that took away from the defendant the presumption of innocence as contended by him; neither does it relieve the state of the burden of proving the defendant guilty beyond a reasonable doubt, nor did it constitute a comment by the

court on defendant's failure to testify. Neither did it constitute a comment by the court to the effect that it told the jury that the failure of the defendant to account for the possession of stolen property was indicative of his guilt.

The instruction in question does not go as far as the one heretofore set out in this opinion in the case of *Mason* v. *State, supra,* and which was held good by this court. That case and the case of *Rosenberg* v. *State, supra; Isenhouer* v. *State, supra; Madden* v. *State, supra; Campbell* v. *State, supra,* and *Johnson* v. *State, supra,* supports the instruction given and we hold that there was no error committed in giving it.

The State tendered instructions numbered 11 and 12 which were given and the appellant contends that these instructions were erroneous and harmful. These instructions are as follows: No. 11, "The court instructs you that if you find that certain witnesses for the defendant testified as to the time that the defendant registered as a guest in the Marquette Hotel and fixed such time after twelve o'clock P. M. of the night of September 6, 1928, and if you further find that the defendant testified under oath as a witness in the District Court of Oklahoma County, Oklahoma, on the 14th day of March, 1929, and that he registered at said hotel at ten o'clock P. M. on the night of September 6, 1928, you may take that fact in consideration in considering what weight if any you will attach to the testimony of said witnesses." No. 12, "The court instructs you that if you find that certain witnesses for the defendant testified that the defendant was checked out of the Marquette Hotel in the City of St. Louis, Missouri, between the hours of four and five P. M. of September 7, 1928, and that the defendant testified under oath as a witness in his own behalf in the District Court of Oklahoma County, Oklahoma, that he checked out of said Hotel at one-thirty P. M. on

said day, and that at two-ten P. M. on said day he left St. Louis by train enroute to Kansas City, Missouri, you may take that fact into consideration in determining what credit you will give to the testimony of such witnesses." The instructions will be considered together as they involve the same questions.

If witnesses for the appellant testified that he registered at a certain time in a certain hotel in St. Louis, and that he checked out of the hotel at a certain time, and if the appellant had made statements contrary to that of his witnesses on these facts, then it was certainly proper for the jury to take these facts into consideration in considering what weight, if any, they would attach to the testimony of the witnesses. The instructions can not be reasonably interpreted to mean, as contended for by appellant, that they told the jury that the St. Louis witnesses had been impeached by the testimony of the defendant in the habeas corpus proceedings at Oklahoma City. All that these instructions told the jury was that they might take certain facts into consideration in considering what weight, if any, they would attach to their testimony.

"The language used in instructions should receive a reasonable construction and not a strained or forced one. If the language used is capable of different constructions, the construction is to be preferred that will lead to an affirmance, unless it can reasonably be said that the instruction was calculated to mislead the jury." *Knapp* v. *State* (1906), 168 Ind. 153, 79 N. E. 1076.

We do not think either of these instructions could have misled the jury and they are not erroneous.

The appellant further contends that State's instruction No. 14 given to the jury is erroneous and was harmful to him. Said instruction is as follows: "If you should find from the evidence in this case that the defendant, at the time of his arrest, had in his

possession certain newspaper clippings which refer to the bonds stolen from the State Bank of Rensselaer, or to the robbery of the State Bank of Rensselaer, such fact may be considered by you as bearing upon the consciousness of guilt of the defendant and such fact may be considered by you in connection with all other evidence relative thereto, in determining whether or not the defendant did in fact participate in the bank robbery of the State Bank of Rensselaer as alleged in the indictment herein."

If this instruction is erroneous then it was error to admit in evidence the newspaper clippings. We have already, in this opinion, passed upon the admissibility of this evidence and held that it was proper, and we are of the opinion that the court limited this instruction to the purpose for which the evidence was introduced.

Objection is made to the refusal of the court to give instructions Nos. 1, 7, and 8 as tendered by the defendant. Instructions 5, 6, and 7 given by the court fully cover everything asked for in defendant's instructions 1, 7, and 8 and therefore the court properly refused to give these instructions.

Instruction number 12 tendered by the defendant and refused by the court is fully covered by instruction number 11 given by the court and therefore no error was committed in refusing to give instruction number 12 tendered by the defendant.

We have held that instruction number 10 given by the court was a proper one and as it includes all that is contained in instruction number 17 tendered by the defendant there was no error committed in refusing to give the latter instruction.

The last reason assigned and relied upon and discussed by appellant in his brief for a new trial is that the verdict is not sustained by sufficient evidence. We have carefully read the evidence in this case. There are conflicts therein but there

is sufficient evidence to sustain the verdict of the jury. This court will not weigh conflicting evidence, and if, considering that most favorable to the State, there was evidence which could reasonably be believed and which would justify the jury in finding appellant guilty, we can not disturb the verdict. Even, if the nature of the evidence is such that different persons might reasonably arrive at different conclusions from that reached by the trial jury, the verdict can not be set aside for that reason. The evidence in the instant case is amply sufficient to sustain the verdict.

*Mason* v. *State, supra; Conrad* v. *Hansen* (1908), 171 Ind. 43, 85 N. E. 710.; *Hill* v. *State* (1924), 194 Ind. 688, 141 N. E. 639.

Judgment affirmed.