## SIMPSON v. STATE OF INDIANA.

[No. 24,588. Filed February 24, 1925.]

1. INDICTMENT.— *Sufficiency of Charge.*— *"Feloniously."*— In view of §237 Burns 1914, abolishing common-law crimes in Indiana, and §2040 Burns 1914 providing that an indictment is only required to set out a statement of the facts constituting the offense in plain and concise language without unnecessary repetition, the omission of the word "feloniously" in charging the transportation of liquor in an automobile is not error. p. 634.

2. INTOXICATING LIQUORS.—*Affidavit.*—*Use of Word "Feloniously" Unnecessary.*—An affidavit charging the transportation of liquor in the language of the statute (§1, Acts 1923 p. 108) is sufficient, and the use of the word "feloniously" is not required, nor an allegation that it was done with felonious intent. p. 635.

3. CRIMINAL LAW.—*Statute Creating Offense.*—*Place of Imprisonment.*—Acts 1923 p. 108, §1, making the transportation of liquor an offense and imposing a penalty of imprisonment, is not void for failure to declare where the offender shall be imprisoned, in view of other statutes fixing place of imprisonment under different conditions. p. 635.

4. INTOXICATING LIQUORS.—*Transportation.*—*Ownership or Possession not Necessary.*—It is not necessary that one found knowingly engaged in transporting intoxicating liquor, or assisting in its transportation, be either the owner or in possession thereof. p. 636.

5. CRIMINAL LAW.—*Accessory.*—*Aiding in Commission of Felony.*—Any person who aids in the commission of a felony may be prosecuted and convicted as a principal. p. 637.

6. INTOXICATING LIQUORS.—*Affidavit.*—*Transportation as Felony.*—An affidavit based on Acts 1923, ch. 34, §1 charging the transportation of liquor in an automobile properly charges a felony and not a misdemeanor as defined in Acts 1917, ch. 4, §4, as amended by Acts 1921, ch. 250, §1, and Acts 1923, ch. 23, §1. p. 637.

7. CRIMINAL LAW.—*Trial.*—*Instructions.*—*Harmless Error.*—In a prosecution for the felony of transportation of liquor in an automobile, an instruction pertaining to the drinking from a bottle as an item of evidence tending to prove transportation, is not reversible error where the general purport of the instruction was concerning defendant's control over the liquor while riding in an automobile with others and the reference to the drinking was merely incidental, in view of the fact that the evidence clearly established defendant's active participation in the transportation of the liquor. p. 637.

8. CRIMINAL LAW.—Judgment.—Modification.—A motion to modify a judgment after conviction of transportation of liquor in an automobile based on the erroneous contention that the offense was a misdemeanor instead of a felony cannot be sustained.  p. 638.

From Pike Circuit Court; *John F. Dillon,* Judge.

Henry Simpson was convicted of transporting liquor, and he appeals. *Affirmed.*

*Oscar Lamphar,* for appellant.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

EWBANK, J.—Appellant was convicted on a charge of unlawfully transporting intoxicating liquor in an automobile, the jury finding that he was twenty-eight years of age. He has assigned as error the overruling, severally, of his motions for a new trial, to quash the affidavit, in arrest of judgment, and to modify the judgment.

The affidavit upon which he was prosecuted charged that on, etc., at, etc., appellant and two other defendants "did then and there transport intoxicating liquor in an automobile, contrary," etc. The only objection to its sufficiency suggested by counsel is that it does not allege that he "feloniously" did the alleged acts, which averment would be necessary in charging a felony at common law. But common-law crimes are abolished by statute in Indiana. §237 Burns 1914, §237 R. S. 1881.

And an indictment is only required to set out "a statement of the facts constituting the offense in plain and concise language without unnecessary repetition." §2040 Burns 1914, Acts 1905 p. 584, §169.

The statute under which appellant was prosecuted and convicted (§1, Acts 1923 p. 108) does not use the word "feloniously" in defining the offense forbidden, nor

necessarily imply that the act prohibited must be

2. done with felonious intent in order to be criminal. The affidavit described the alleged offense in the language of the statute, and that was sufficient. *Asher* v. *State* (1923), 194 Ind. 553, 142 N. E. 407, 143 N. E. 513; *Volderauer* v. *State* (1924), *ante* 415, 143 N. E. 674.

Appellant further insists that said act of 1923, *supra,* is void because it does not designate the place where a person shall be imprisoned who violates it. The

3. act recites that any person who shall transport intoxicating liquor in any automobile or other vehicle "shall be guilty of a felony, and upon conviction shall be imprisoned not less than one year nor more than two years, and fined," etc. Another statute enacts that —"In all cases of felony tried before any court or jury in this state, if the defendant, being a male person, be found guilty of any crime other than treason or murder, it shall be the duty of the court or jury to further find whether he is over 16 and under 30 years of age. If, * * * between said ages * * * the court * * * shall sentence him to the custody of the board of managers of the Indiana reformatory, to be confined in said reformatory, or at such other place as may be designated by such board where he can be safely and properly cared for," etc. §§2151, 9907 Burns 1914, §275, Acts 1905 p. 584, §8, Acts 1897 p. 69. The law sufficiently designated the place where appellant should be imprisoned.

No error was committed in overruling the motions to quash the affidavit and in arrest of judgment.

There was undisputed evidence that appellant and three other men rode in a Ford sedan automobile from Princeton, in Gibson county, across Pike county to a point east of Jasper, in Dubois county, and then drove back across Pike county; that one of the other men

owned the car and drove it, and appellant rode in the back seat; that they had a quart bottle of whisky when they started, and drank it as they rode along; appellant testified that on the road east of Winslow, at a point shown by undisputed evidence to be in Pike county, the bottle was passed from hand to hand, and each of them, including appellant, carried it in his hand and drank from it as they rode along and emptied it; that the empty bottle was then thrown away; other witnesses testified without dispute that in Dubois county some members of the party bought a gallon of whisky in a jug and a quart in a bottle, and that they returned into and for eight miles through Pike county, until the automobile ran against a tree when just past Winslow; that the jug, almost full of whisky, and the bottle partly full were thrown from the car, and were found near it; and that appellant and his companions were badly intoxicated when persons attracted by the accident arrived on the scene.    Witnesses also testified that appellant and another of the party bought three quarts of the whisky obtained in Dubois county, and that the driver of he car bought and paid for only one-half gallon, and that appellant and his said companion carried the jug and bottle in the back part of the car with them, except as the liquor was passed around for each to drink, and that each drank from the jug and bottle in Pike county on the way back.    But defendant and his witnesses denied that he bought any liquor or that he drank any on the way home, and said that the jug and bottle stood between the two parts of the divided front seat on the return trip.

Appellant asked two instructions to the effect that one of the material averments of the affidavit was that defendant was the owner and in possession of intoxicating liquor, and the other that he was transporting it in an automobile.    These were

properly refused. The statute does not require the accused to own or be in possession of the liquor in order to be guilty. And if appellant knowingly transported or assisted to transport intoxicating liquor in an automobile, proof that it belonged to another who went along in charge of it would not show him to be innocent of the offense for which he was on trial.

If he knowingly helped to transport it, by caring for the bottle and jug in the back seat, to keep them from breaking, he would be equally guilty with the owner of the liquor and the owner of the car, even though he had no interest in either. Any person who has aided in the commission of a felony may be prosecuted and convicted in the same manner as if he were a principal. §2095 Burns 1914, §224, Acts 1905 p. 584.

Appellant complains of the refusal to give an instruction to the effect that the affidavit charged only a misdemeanor, under §4 of the general statute, as amended by chapter 23, Acts 1923 p. 70. What was said above sufficiently disposes of this point. Other propositions of law in the instructions asked were sufficiently covered by the instructions given.

Appellant complains of an instruction which referred to proof that defendant drank intoxicating liquor from a bottle while riding in an automobile as one of the items of evidence tending to prove that he was guilty of the offense charged, insisting that one riding as a guest of the owner of an automobile, who was driving it, would not be guilty of transporting intoxicating liquor by reason of the mere fact that he took a drink from a bottle of whisky when it was passed to him. But we do not think appellant was harmed by the instruction under consideration. Its general purport was a direction that if the defendant rode in an automobile in Pike county in which intoxi-

cating liquor was being transported, and with knowledge of that fact, while so riding, exercised control over the liquor, he was guilty of the offense charged, the reference to his drinking being merely incidental. And the evidence set out above so clearly established appellant's active participation in the attempt to carry a quantity of whisky across Pike county in an automobile that this court is not justified in reversing the judgment because of a slight inaccuracy in an instruction, where it is obvious that the result must have been the same if the instruction had been wholly correct.

The motion to modify the judgment was based upon the contention that the affidavit charged only the commission of a misdemeanor, as defined by Acts 1923 p. 70, *supra,* and not of the felony defined at p. 108 of said acts. (Acts 1923 p. 108.) For reasons stated above this contention cannot successfully be maintained.

The judgment is affirmed.