## WORKMAN v. STATE OF INDIANA

[No. 27,206. Filed June 29, 1939. Rehearing denied November 6, 1939.]

*Louis A. Savage, William E. Cox, Lutz, Johnson & Lutz,* and *Fabius Gwin,* for appellant.

*Omer S. Jackson,* Attorney General, and *Hubert E. Dirks,* Deputy Attorney General, for the State.

FANSLER, C. J.—The appellant and two others were charged with inflicting physical injury during an attempted robbery while armed. The appellant appeals from the judgment of conviction, assigning error upon the overruling of his motion for a new trial.

The first cause for a new trial presented is that the verdict is not sustained by sufficient evidence. Section 9-102 Burns' Ind. St. 1933, section 2243 Baldwin's ■ Ind. St. 1934, provides that: "Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command or otherwise procure a felony to be committed may be charged by indictment or affidavit, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged; indicted or convicted; and, upon such conviction, he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal." There is evidence that the two defendants charged with the appellant were principals. Souerdike, one of the principals, testified that the appellant told him that Charles Basch, the person upon whom the offense was committed, had money and bonds in a safe in his house, and suggested and advised that Souerdike procure assistance and rob him, and procure the money and bonds, the bonds to be turned over to appellant; that two previous attempts at robbery were made, and that he talked with the appellant after these attempts; and that appellant suggested that he treat Basch as he had another person whom he had robbed and shot. These conversations took place a year or more before the consummation of the crime charged. In determining the sufficiency of the evidence upon appeal, only the evidence most favorable to the state will be considered.

The appellant contends that in order to convict a person as an accessory before the fact it is necessary to show that he has not abandoned the enter- ■■ prise. He relies upon *Walls* v. *State* (1890), 125 Ind. 400, 25 N. E. 457, but that case in nowise supports the contention. He also contends that

the commission of the offense is so remote from the counsel and advice to commit it that it cannot be said that there is causal connection between the two. But this was a question for the jury. There is no evidence that any time was fixed in which the offense was to be committed, nor is there evidence that the appellant sought to withdraw his counsel and influence or to dissuade the other defendants' from committing the offense. It is only necessary that the appellant counseled and advised the commission of the crime, and that the counsel and advice influenced the perpetration of the crime. We know of no rule of law which fixes a time limit within which the crime must be perpetrated.

The appellant complains of an instruction in which the court sought to quote the statute above set out, but which began: "Every person who shall aid or abet, encourage, hire, command or otherwise procure a felony to be committed * * *." The statute was not correctly quoted, but appellant does not point out in what manner he was injured thereby. The same language was used in another instruction complained of. He contends that an aider or abettor is one who was present at the commission of the felony, and that an accessory before the fact is one who, though absent, counsels or commands another to commit the crime. But, if these distinctions be conceded, it is still not demonstrated that the jury was misled by the instruction. The state relied entirely upon the evidence that the appellant counseled and advised the commission of the crime. The appellant tendered an instruction, which was given, in which the jury was told that unless satisfied beyond a reasonable doubt that the defendant Workman "did aid, abet, counsel, encourage, hire or command or otherwise procure Frank Souerdyke to unlawfully and feloniously and forcibly

attempt to rob  *  *  *," there could be no conviction. The language is substantially the same as that used in the instruction complained of, and the appellant is in no position to complain that he was injured by its use, although it does not appear that his substantial rights were in any wise prejudiced.

The jury was instructed that, although the crime must be proved beyond a reasonable doubt, this does not mean "that all the incidental or subsidiary facts should be proved beyond a reasonable doubt"; that the evidence is not to be considered in fragmentary parts, but as a whole.

The appellant ingenuously contends that in order to convict a person as an accessory, facts incidental and subsidiary to the principal offense must be proved beyond a reasonable doubt; that therefore in such a case the instruction is erroneous and prejudicial, since it leads the jury to believe that it was unnecessary to prove beyond a reasonable doubt that the appellant counseled and advised the commission of the crime. It is clear, however, that from the instructions as a whole the jury could not have gained such an erroneous impression. The instruction tendered by the appellant, and given, and quoted from above, expressly advises the jury that they must find beyond a reasonable doubt that the appellant did aid, abet, counsel, and encourage the commission of the crime.

The jury was instructed that it was the sole judge of the weight to be given the testimony of any witness whose testimony was sought to be impeached by evidence of general reputation for truth, and that the jurors were not bound to disregard the evidence of an impeached witness if they believed that the witness had testified to the truth; that: "It is the sole province of the Jury what weight and credit you will

give to the testimony of Frank Souerdike. If the Jury believes that Frank Souerdike has testified to the truth, then you have a right to give credit to the testimony of said Frank Souerdike, even though the said Frank Souerdike has been impeached." The appellant complains of this instruction upon the ground that the evidence shows that there was an attempt to impeach more than one witness, and that instructions upon the subject of impeachment must be general as to all witnesses; that it is improper to single out one witness by name where there were attempts to impeach other witnesses. The only other witness sought to be impeached, as disclosed by appellant's brief, was the appellant. The state offered reputation evidence to impeach the appellant, and he offered evidence of his good reputation to sustain him as a witness.

The appellant tendered an instruction, naming the appellant as a witness, in which the jury was told that, "if the evidence as to his good reputation for honesty, truth, peace and quietude creates in your mind a reasonable doubt as to his guilt, you cannot convict him." If, as appellant contends, it is erroneous to single out one witness by name in instructions concerning impeaching testimony, the same reason would support the rule in respect to reputation evidence sustaining a witness, and, since the appellant tendered and caused the court to give an instruction naming him specifically as a witness, he is not in a position to complain of a similar instruction naming the state's witness.

The appellant tendered, and the court refused to give, an instruction to the effect that, unless it were proved beyond a reasonable doubt that Workman counseled, encouraged, hired, commanded, or otherwise procured Souerdike to shoot Basch while attempting to rob him, there could be no conviction. It

was not error to refuse this instruction. It was only necessary for the state to prove that the appellant counseled and advised Souerdike to attempt a robbery upon Basch with a dangerous and deadly weapon, and that Basch was shot and wounded during the attempted robbery. In *Breaz* v. *State* (1938), 214 Ind. 31, 34, 35, 13 N. E. (2d) 952, 953, it is said: "There can be no doubt of the general rule of law, that a person engaged in the commission of an unlawful act is legally responsible for all the consequences which may naturally or necessarily flow from it, and that, if he combines and confederates with others to accomplish an illegal purpose, he is liable *criminaliter* for everything done by his confederates which follows incidentally in the execution of the common design, as one of its probable and natural consequences, even though it was not intended as a part of the original design or common plan."

The appellant contends that the venue was improperly laid in Dubois County, where the attempted robbery was committed, and not in Martin County, where the appellant gave his counsel and advice. The crime with which the appellant was charged was the attempted robbery and injury inflicted. That crime was committed in Dubois County. If there is a prosecution for conspiracy to commit a felony, the conspiracy is the offense, and the prosecution must be at the place where the conspiracy was formed. But if the conspiracy is consummated, and the crime committed, and the prosecution is for the commission of the crime, the venue should be laid in the county where the crime was committed, and those who were parties to the conspiracy, but took no part in the actual commission of the crime, may be prosecuted in the county where the crime was committed, though they had never entered the county. In this case the evidence

discloses that the appellant counseled and advised Souerdike to commit the crime; that Souerdike procured Brothers to assist him. Brothers was not a party to the discussions between Workman and Souerdike in Martin County. Brothers did nothing toward the commission of the crime in Martin County. Souerdike participated in consummating the crime in Dubois County. He consulted with Workman and was counseled and advised to commit it in Martin County. There is but one single crime charged. All of the three defendants are charged as principals with having committed that crime. It is indivisible. It is not necessary that everything done in furtherance of the design to commit the crime should have occurred in the county where the crime is consummated. The venue was in Dubois County and not elsewhere.

We find no error.

Judgment affirmed.

Tremain, J., absent.

### On Petition for Rehearing

FANSLER, C. J.—On petition for rehearing, the appellant earnestly contends that the court did not clearly understand his objection to the instruction dealing with the impeachment of witnesses, in which the witness Frank Souerdike is referred to by name. The first part of the instruction is a clear and explicit and admittedly correct statement of the law. This is followed by the quoted portion naming the witness Frank Souerdike. The defendant introduced witnesses who testified that the reputation of Frank Souerdike for truth and veracity was bad, and the State called no witnesses to sustain his reputation. The State called witnesses who testified that the reputation of the defendant for truth and veracity was bad, and the defendant called witnesses

who testified that his reputation for truth and veracity was good. The quoted part of the instruction directs attention to the evidence tending to impeach Souerdike. It singles out Souerdike, and its tendency is to cast doubt upon his testimony. It is true that the jury is told that, if it believed that he had testified to the truth, it had the right to give credit to his testimony, "even though the said Frank Souerdike has been impeached." It said no more in this respect than had already been said in the general part of the instruction; and the part which singles him out by name cannot be said to be calculated to bolster up and strengthen the value of his testimony. On the other hand, the instruction treats his impeachment as a fact accomplished. There is no basis for the assumption that the jury may have got the impression that his testimony was to be given any greater weight than that of any other witness under the same circumstances. On the other hand, since he was singled out and treated in the instruction as "impeached," the jury might have concluded that, because the evidence as to the reputation of the defendant for truth and veracity was conflicting, he could not be considered as "impeached." We are convinced that the defendant was not prejudiced by the instruction.

And the appellant vigorously renews his contention that, since the evidence shows that at most he only counseled and advised the commission of the crime, he is not an aider or abettor, but an accessory before the fact, and that therefore the venue of any offense committed by him was in the county where he gave the advice and counsel, and not in the county where the crime was perpetrated.

He cites as additional authority *Johns* v. *State* (1863), 19 Ind. 421. But in that case the court expressly

refrained from deciding whether an accessory before the fact, whose acts were committed within this state, could be prosecuted as a principal. There was speculation as to whether an indictment, charging such an accessory with the crime, in the language of the statute, would be sufficient, but this question was not decided. It is true, as pointed out in the opinion, that at common law one who caused a crime to be committed by an innocent agent was deemed guilty of the crime as a principal, and one who caused it to be committed by a guilty agent was deemed not guilty of the crime as a principal, but guilty as an accessory before the fact. But, under our statute, it is now well settled that one who counsels or advises the commission of a crime, and who formerly would have been guilty of being an accessory before the fact, may be charged, tried, convicted, and punished exactly as though he were the principal who actually committed the crime. In *Brunaugh* v. *State* (1910), 173 Ind. 483, 90 N. E. 1019, the rule is clearly laid down that, under an indictment in the usual form, which merely follows the language of the statute, a conviction will be sustained upon evidence that the accused actually committed the crime, or that he aided or abetted in its commission, or that he counseled, encouraged, hired, or procured another person to commit it, or that he committed it through the medium of an innocent agent. We are unable to find that this rule has ever been doubted in this state in a case in which the question was presented. See *Peats* v. *State* (1938), 213 Ind. 560, 12 N. E. (2d) 270, and *Breaz* v. *State* (1938), 214 Ind. 31, 13 N. E. (2d) 952. Since the accessory may, under the statute, be tried and convicted "in the same manner as if he were a principal," it cannot be seriously doubted

that the venue must be laid in the jurisdiction where the principal would be prosecuted.

Petition for rehearing denied.