EVANS *v.* STATE OF INDIANA

[No. 28,153.  Filed September 23, 1946.]

*Randolph H. Mayes* and *William B. Edmonds,* both of Terre Haute, for appellant.

*James A. Emmert,* Attorney General, and *Frank E. Coughlin,* First Assistant Attorney General, for the State.

RICHMAN, J.—This opinion supersedes written opinion dated May 28, 1946, which is hereby withdrawn because of error in the writer's statement of the record due, as suggested in appellant's petition for rehearing, to the confusion of two exhibits. We have considered not only the questions raised by the original briefs but also those urged in the brief on petition for rehearing.

Appellant was prosecuted on three counts, grand larceny, second degree burglary and entering with felonious intent. Tried without a jury, he was found guilty of grand larceny and acquitted of the other offenses. The only question properly presented is whether the finding is sustained by sufficient evidence.

The affidavit alleged the larceny of an electric grinder and a paint spray gun of the value of $100. The evidence shows that these articles with an electric drill were taken from the owner's shop in Terre Haute. Entry was effected through a window which was closed when an employee left at 10:00 P. M., November 24, 1944, and was found open at 7:00 A. M. the following day. There were marks on the window ledge and on the glass and

footprints outside the window. Appellant sold the spray gun and tried to sell the grinder in Decatur, Illinois, where he was arrested and signed a statement in the presence of police officers. On the 25th of November a parcel was shipped by railway express from Terre Haute to Decatur, Illinois. The purported consignor and consignee were "National Air Sander" and "Garland Evans" respectively. The shipment was received in Decatur on November 28th and on the first day of December it was delivered to appellant whose signature to the receipt was declared by handwriting experts to be identical with the signature to the statement made and signed by him in the presence of police officers January 21, 1944, in Decatur. While he was at the police station in Decatur one Dale was called by the police and brought in the spray gun. In the presence of appellant Dale said that he had purchased the gun from appellant for $10 which appellant verified. The grinder was also there and was identified by appellant as the one he attempted to sell in Decatur. In appellant's statement he admitted making the shipment and accounted for his possession of the two tools and other chattels, including the electric drill shipped at the same time, by a story of a night spent in Terre Haute, with a "fellow' he met on a bus, and from whom he proposed to buy tools to start a business, he drove in a car (where it was obtained, he does not say) into an alley about 1:00 or 2:00 o'clock in the morning. There he waited about three-quarters of an hour until his accomplice returned with the above mentioned chattels. They then drove around town a little while and made another stop of about two hours, similarly obtaining an adding machine and typewriter. They arrived at his companion's room about 3:00 A. M. where he spent the rest of the night. In the

statement he also says he gave his associates $60 cash and an Elgin pocket watch for all the property. ,

Appellant contends that the *corpus delicti* was not proved independently of the written statement made by him after his arrest. As explained in *Hawkins* v. *State* (1941), 219 Ind. 116, 37 N. E. (2d) 79, "Generally speaking, the term 'corpus delicti' means, when applied to any particular offense, that the specific crime charged has actually been committed by someone." The evidence already recounted was sufficient basis for an inference that the crime of which he was convicted had been committd by someone. The appellant's connection therewith is shown not only by his statement but by his unexplained exclusive possession of the stolen property soon after it was stolen. From this alone the court might reasonably have concluded that he was responsible for the theft. *Mason* v. *State* (1908), 171 Ind. 78, 84 N. E. 776; *Davidson* v. *State* (1933), 205 Ind. 564, 187 N. E. 376. It is true that in his statement he attempted to explain his possession as having come by purchase but his story was so fanciful that the court's refusal to credit it is readily understandable. If his version of the night's events had been believed the court could have found that he was aiding in the commission of a felony and therefore was guilty as a principal. § 9-102, Burns' 1942 Replacement; *White* v. *State* (1941), 219 Ind. 290, 37 N. E. (2d) 937. In either case the finding is sustained by sufficient evidence.

This court is not concerned with other inferences which might have been drawn from the evidence consistent with appellant's innocence. As recently pointed out the case of *Hamilton* v. *State* (1895), 142 Ind. 276, 41 N. E. 588, upon which he relies,

has been overruled. See *Felix* v. *State* (1946), *ante* p. 308, 66 N. E. (2d) 894.

Appellant in several specifications of his petition for rehearing takes the position that neither the trial court nor this court may take cognizance of facts occurring after midnight of November 24, the date of the offense as specified in the affidavit. It is so well settled as to require no authority that, where time is not the essence of an offense, under an allegation of a specific date, the offense may be proved as occurring at any date preceding the filing of the affidavit and within the statute of limitations. This rule yields, of course, to the limitations imposed by the alibi statute when it is invoked. §§ 9-1631, 9-1633, Burns' 1933. In this case appellant gave notice that he would attempt to prove an alibi and required the prosecuting attorney to specify the exact date of the offense upon which he would rely in his proof. The date so fixed was between 10 o'clock P. M. November 24, and 7 o'clock A. M. of November 25. It was not necessary, as appellant seems to think, to amend the affidavit to show the offense as having occurred between those hours. There can be no question under the evidence but that the property was taken within the time limited. Subsequent events shown in evidence by the State were for the purpose of connecting appellant with the crime, all of which including admissions were for the consideration of the trial court.

Appellant did not testify. The only alibi evidence submitted came from his wife. The finding of the trial court indicates its disbelief of her testimony.

Counsel urge that the finding of guilty on the one count is inconsistent with and negatived by the acquit-

tal of the other offenses for which he was tried. In each of them the entry must be made with felonious intent. § 10-701, Burns' 1942 Replacement; § 10-704, Burns' 1942 Replacement. The court may have had difficulty in inferring that such intent existed when the window was opened. The intent to steal might have been formed after the thief gained entrance. When one in the middle of the night is a trespasser in a building and takes therefrom chattels to which he has no possible claim of right, ships or has them shipped to himself in a distant city and there attempts to dispose of them for cash for his own benefit, it is not unreasonable to infer that the felonious intent existed from the time of the taking. While he also may have been guilty of receiving stolen goods under § 10-3017, Burns' 1942 Replacement, which carries the same penalty as larceny, the evidence sustains his conviction of larceny.

The judgment is affirmed as of May 28, 1946, the date of the original opinion, and the petition for rehearing is overruled.

NOTE.—Reported in 68 N. E. (2d) 546.