HOY *v.* STATE OF INDIANA

[No. 28,464. Filed April 28, 1949.
Rehearing denied June 3, 1949.]

*Mellen & Mellen,* of Bedford, attorneys for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, and *Merl M. Wall,* Deputy Attorney General, for appellee.

GILKISON, J.—In the trial court, appellant was charged by an affidavit in two counts. Count one charges that on December 9, 1946, by force, violence, and putting in fear, he robbed, took and stole from the person of one, Bob Y. Jean, $120 in United States currency.

Count two charges that he took, stole and carried away $120 in United States currency, the property of Bob Y. Jean.

The cause was put at issue by plea of not guilty. A trial by jury resulted in finding of guilty of petit larceny, fine of $500, and commitment to the County Jail for eleven months. A motion for new trial, timely filed, was overruled. From a judgment on the verdict, this appeal is taken.

By this assignment of error appellant questions only the action of the trial court in overruling his motion for new trial. The reasons for his motion for new trial presented in the brief, are as follows: (1) Error in

overruling appellant's motion for a directed verdict. (2) Error in overruling appellant's objection to the reading of § 10-401, Burns' 1942 Replacement to the jury, by the prosecuting attorney in his argument to the jury. (a) Error of the court in orally instructing the jury at the time of the ruling, "that if it isn't applicable to the case to disregard the contents of said statute." (3) Error in giving the jury Instruction No. 9 tendered by the State. (4) That the verdict is contrary to law, because not sustained by evidence. We shall consider each of these questions in the order stated.

At the close of the state's evidence in chief, appellant filed a written motion for a directed verdict for the defendant which was overruled. Appellant claims this was error because, he contends the evidence was not sufficient to prove the *corpus delecti* as laid in either count of the affidavit. But after his motion for a directed verdict was overruled appellant proceeded with the introduction of evidence. Thereby he waived his motion and the alleged error. *White* v. *State* (1941), 219 Ind. 290, 297, 37 N. E. 2d 937; *Bowen* v. *State* (1920), 189 Ind. 644, 651, 128 N. E. 926.

2. Over appellant's objection, the prosecuting attorney was allowed to read § 10-401, Burns' 1942 Replacement to the jury in his argument. This section reads as follows:

"Whoever perpetrates an assault or assault and battery upon any human being with intent to commit a felony, shall, on conviction, be imprisoned in the state prison for not less than one (1) nor more than ten (10) years."

We think the offense defined in this statute was contained in the offense charged in the first count of the

affidavit. The objection was therefore properly overruled. However, the jury found appellant guilty of petit larceny only, conclusively indicating that it ignored the statute read and the ruling of the court with respect thereto.

3. Instruction No. 9 tendered by the state and given by the court is as follows:

> "The Court instructs the Jury that every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command or otherwise procure a felony to be committed may. be charged by indictment or affidavit, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged, indicted or convicted; and upon such conviction, he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal.
>
> "And in this case of The State of Indiana against Sam Hoy, if it has been proven by the evidence in this case beyond a reasonable doubt that Sam Hoy, the defendant now on trial, did aid or abet in the commission of the felony with which he is charged herein in Count One and Two of the approved affidavit, you may, if you are satisfied from such evidence beyond a reasonable doubt that he is guilty of the commission of such crimes or either of them so find him guilty."

Appellant is not charged as an accomplice, an accessory, or as aiding and abetting, but he is charged alone as a principal. This is agreeable with the statute quoted in the first sentence of the instruction, § 9-102, Burns' 1942 Replacement. *Simpson* v. *State* (1925), 195 Ind. 633, 637, 146 N. E. 747; *White* v. *State, supra,* p. 296; *Breaz* v. *State* (1938), 214 Ind. 31, 34, 13 N. E. 2d 952; *Evans* v. *State* (1946), 224 Ind. 428, 432, 68 N. E. 2d 546.

The prosecuting witness testified that on the night in

question about nine o'clock he put $120 in the left
pocket of his pants, and started home from his
laundry in Bloomington; that he was stopped by
appellant at or near the Pullman Hotel and appellant started talking to him. That he, the witness, tried
to go in the hotel, but appellant grabbed him around
the neck and choked him. When the witness cried out
appellant choked and slapped him. Two other men came
and helped appellant. The three held the witness, pulled
him out of the hotel door to Morton Street, and shoved
and pulled him into the alley there. Witness then tried
to run away, then the three men knocked him down,
and appellant kicked him several times. Witness got
up and they shoved him down, he got out of his coat
and ran away. Shortly afterwards on the same evening
appellant was arrested. At the police station that night
witness discovered that his money was gone, and he
asked appellant who the other two men were and "where
is my money at." In the matter of the assault and battery the prosecuting witness was corroborated by witnesses, Carl Flick, Joe Steele, Mabel Gunther, Jean
Faucett, Amelia Steele, Doris Ferguson, F. G. Gunther
and Donald D. Duncan. This evidence indicates that
two other persons were engaged with appellant in perpetrating a vicious assault and battery upon the prosecuting witness, shortly after which the witness discovered his money was gone. We think the instruction was applicable to the charge and to the evidence.
*Workman* v. *State* (1939), 216 Ind. 68, 72, 21 N. E. 2d
712, 23 N. E. 2d 419; *Deppert et al.* v. *State* (1929),
200 Ind. 483, 484, 485, 164 N. E. 626; *Simpson* v. *State,
supra; Peats* v. *State* (1938), 213 Ind. 560, 566, 12 N.
E. 2d 270. It is contended that the instruction omits a
necessary element—that the felony was committed. We
think that was sufficiently taken care of by the second

sentence of the instruction and other instructions given. However, if the appellant desired a more particular instruction, he should have asked it. *Sutherlin* v. *State* (1897), 148 Ind. 695, 700, 48 N. E. 246; *Deppert* v. *State, supra,* p. 485.

4. Is the verdict contrary to law because there is no evidence to support each essential element of the crime of petit larceny? This court will not attempt to weigh the evidence, that is a duty alone of the trial jury, and the trial court in passing upon the motion for new trial. We can examine the evidence only for the purpose of ascertaining whether there is any evidence, or proper inferences that may be drawn from the evidence, to support each element essential to make the crime of petit larceny. *Rhoades* v. *State* (1949), 227 Ind. 126, 84 N. E. 2d 583, 585; *Rhoades* v. *State* (1946), 224 Ind. 569, 572, 70 N. E. 2d 27. Petit larceny is defined by statute thus:

> "Whoever unlawfully steals, takes and carries, leads or drives away, the personal goods of another, of the value of any sum less than Twenty-five Dollars ($25) shall be deemed guilty of petit larceny . . ." Section 10-3002, Burns' 1942 Replacement.

We have heretofore recited some of the material facts shown by the evidence. There is some evidence to prove each of the material elements of that offense. From the unlawful and prolonged assault and battery upon the prosecuting witness by appellant and his helpers, the reasons for which remain wholly unexplained by the evidence, and the fact that shortly thereafter the prosecuting witness discovered his money was missing from his pocket, we think the jury might properly draw the inference or presumption that it was taken by appellant or his helpers and

that the purpose and intent to take this money was the reason for, and purpose of the beating. *White* v. *State, supra*, p. 296. Under § 9-102, *supra,* each of the persons engaged in the unlawful transaction would be guilty as a principal and it was proper to charge appellant as such no matter which one actually took the money from the pocket of the prosecuting witness.

Finding no reversible error the judgment is affirmed.

NOTE.—Reported in 85 N. E. 2d 493.