HANSEN v. STATE OF INDIANA.

[No. 28,795.  Filed May 29, 1952.]

*William C. Erbecker,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General; *John Ready O'Connor* and *William T. McClain,* Deputy Attorneys General, for appellee.

BOBBITT, J.—Appellant was charged by indictment with the crime of robbery under Acts of 1905, ch. 169, §224, p. 584; §9-102, Burns' 1942 Replacement, tried by jury and found guilty of the crime of grand larceny and sentenced to the Indiana Reformatory for not less than one (1) nor more than ten (10) years and fined in the sum of one hundred dollars ($100).

The sole error here assigned is the overruling of appellant's motion for a new trial. Nineteen causes for a new trial are specified in said motion.

The errors specified by causes numbered 4, 6, 7, 13, 14, 15 and 16 of said motion are waived because of the

failure of appellant to discuss them in his brief and to cite authorities or give reasons why such alleged acts constituted error. Rule 2-17, Supreme Court of Indiana, 1947 Revision, as amended. *Slack* v. *Grigsby* (1951), 229 Ind. 335, 97 N. E. 2d 145, 147; *Slaughter* v. *State* (1936), 209 Ind. 658, 660, 199 N. E. 244.

Causes numbered 8, 10 and 17 are without merit worthy of consideration.

Causes numbered 2, 3, 5, 9, 11, 12, 18 and 19 will be considered in their numerical order.

*First:* By cause numbered 2 appellant contends that the verdict of the jury is not sustained by sufficient evidence.

This court has said many times that it will not weigh evidence, but will examine the record to determine whether there is any evidence of probative value, or any reasonable inferences which may be properly drawn therefrom, which would sustain the verdict of the jury or the decision of the trial court and, if any such is found, they will not be disturbed. *Mattingly* v. *State* (1952), 230 Ind. 431, 104 N. E. 2d 721, 723.

From the evidence in the record, most favorable to the appellee, and the inferences to be properly drawn therefrom, it appears that appellant knew of the substantial amount of money the victim, a taxicab driver, was carrying in his billfold; that on the night of the robbery Heady and Brown, who robbed the taxi driver, contacted appellant who, together with the other defendant, Coghill, told them about the taxi driver having at least three hundred dollars in money and the number of his cab. They (appellant and Coghill) then gave Brown a 32 caliber revolver, then "took Heady and Brown back up town" where they went to

the corner of Washington and Illinois Streets and found the taxicab bearing the number given them by appellant and the other defendant. Heady and Brown then engaged the taxi driver to take them to Beech Grove where they robbed him of some $1,200. Immediately after the robbery they made their way back to Indianapolis to the Hoosier Hotel. After arriving at the hotel they engaged a room and again contacted appellant who came to the room where they divided the money taken from the taxi driver, appellant taking $600, and leaving $600 for Heady and Brown. Appellant then left, taking with him the $600 and the 32 caliber revolver which he and Coghill had procured for Heady and Brown before the robbery. There was other evidence supporting the foregoing and from which the jury might properly infer that appellant counseled, advised and aided Heady and Brown in executing the robbery which they committed. This was all that the state was required to prove to sustain appellant's conviction under §9-102, *supra,* and the evidence was, therefore, sufficient to sustain the verdict of the jury. *Hoy* v. *State* (1949), 227 Ind. 346, 85 N. E. 2d 493; *Evans* v. *State* (1946), 224 Ind. 428, 68 N. E. 2d 546; *Simpson* v. *State* (1925), 195 Ind. 633, 146 N. E. 747. See also: *Workman* v. *State* (1939), 216 Ind. 68, 21 N. E. 2d 712, 23 N. E. 2d 419; *Breaz* v. *State* (1938), 214 Ind. 31, 13 N. E. 2d 952.

Appellant questions the probative value of certain evidence because it springs from the testimony of an admitted criminal. While a conviction may be had solely upon the uncorroborated testimony of an accomplice, *Walker* v. *State* (1934), 206 Ind. 232, 189 N. E. 127; *Hermann* v. *State* (1930), 201 Ind. 601, 170 N. E. 786; *Payne* v. *State* (1924), 194 Ind. 365, 142 N. E. 651; in the case at bar such testimony was

supported by other competent evidence. There is no merit in appellant's contention.

*Second:* In cause numbered 3 appellant complains that he was surprised by the production of a state's witness whose name did not appear on the indictment, and who was permitted to testify over the objection of appellant after the state had rested and the appellant had filed his motion for a directed verdict of acquittal.

The only effect of the omission of the witness' name from the indictment was that the state could not have obtained a continuance because of his absence from the trial. *Ruffenbarger* v. *State* (1921), 190 Ind. 616, 618, 131 N. E. 514; *Cameron* v. *State* (1906), 37 Ind. App. 381, 383, 76 N. E. 1021; *Short* v. *State* (1878), 63 Ind. 376, 383.

The granting of a new trial because of surprise is within the discretion of the trial court, *Bowling* v. *State* (1942), 220 Ind. 497, 44 N. E. 2d 171; *Walker* v. *State* (1934), 206 Ind. 232, 189 N. E. 127, *supra; Anderson* v. *State* (1928), 200 Ind. 143, 161 N. E. 625; and appellant has failed to show any abuse of this discretion. There was no error in refusing to grant appellant a new trial because of surprise.

*Third:* In cause numbered 5 appellant contends that the trial court erred in permitting, over his objection, the driver of the cab, a witness for the state, to answer a question as follows:

"Q. Did you have any conversation with them after they got into the cab?

"A. Yes. Ordinarily I don't talk."

We fail to see where this question, or the answer thereto, did in any way prejudice the rights of appellant and it was not error to permit the witness to answer.

*Fourth:* Cause numbered 9. Here appellant contends that the court erred in permitting the state to introduce a signed statement (confession, state's exhibit No. 4) made in the absence of the other defendants by Robert Lee Brown, one of the defendants in the trial, which statement was read to the jury over the objections of appellant.

Where several defendants are tried together the confession of one, made in the absence of the other defendants, may be admitted against him if the court instructs or admonishes the jury it is admitted only against the one who made it and is not to be considered as evidence against any of the other defendants who did not join in the statement. *Mitchell* v. *State* (1923), 193 Ind. 1, 14, 138 N. E. 507; *Flannigan* v. *State* (1922), 192 Ind. 19, 23, 134 N. E. 885; Wigmore on Evidence, 3rd ed., §1079(d), p. 134. In the case at bar the court admonished and instructed the jury as follows:

> "The offer to introduce this Exhibit #4, it will be admitted, but I instruct the jury that it is not to be considered by them against the Defendant Coghill or Hansen. You are not to consider anything in the statement in arriving at a verdict in this case as to Coghill and Hansen."

We think this was sufficient to comply with the foregoing rule as to the admission of such statements and no error was, therefore, committed by the court in permitting the introduction into evidence of state's exhibit No. 4.

*Fifth:* In cause numbered 11 appellant alleges error in overruling his motion for a directed verdict at the close of the state's evidence. This alleged error is waived and no question is here presented because appellant proceeded with the introduction

of evidence after his motion for a directed verdict was overruled. *Hoy* v. *State* (1949), 227 Ind. 346, 349, 85 N. E. 2d 493, *supra; Mobley* v. *State* (1949), 227 Ind. 335, 339, 85 N. E. 2d 489.

*Sixth:* Appellant claims error in his cause numbered 12 because the court permitted a witness for the state, over his objections, to give testimony after both the state and defendants had rested.

The trial court may, in its sound discretion, permit original testimony for the state to be introduced after the defense has closed its testimony, and its action will not be reviewed on appeal except for an abuse of such discretion. Ewbank's Criminal Law, 2d ed., §561, p. 377. Appellant has wholly failed to show any abuse of discretion by the trial court in permitting said witness to testify. On the contrary, the record discloses that appellant was allowed time to produce a witness who testified in rebuttal. We fail to see any abuse of discretion in such action.

*Seventh:* By cause numbered 18 appellant complains that he was deprived of a fair and impartial trial because one of the jurors at some time during the trial "talked to him [attache of the court] concerning the whereabouts of the Judge." No attempt is made to show how appellant was harmed by this conduct of said juror and it is difficult for us, even by the wildest stretch of imagination, to see how appellant was in any way deprived of a fair and impartial trial by such conduct of said juror. Unless appellant was harmed by such conduct, the verdict of the jury will not be disturbed. *Bowman* v. *State* (1934), 207 Ind. 358, 368, 192 N. E. 755, 96 A. L. R. 522.

*Eighth:* Appellant in cause numbered 19 requests a new trial because of newly discovered evidence.

644

In *Sullivan et al.* v. *State* (1937), 212 Ind. 79, 6 N. E. 2d 951, this court, at page 82, said:

"In order to warrant a new trial on the ground of newly discovered evidence it must appear that the evidence is such as will probably change the result if a new trial is granted; that it is material to the issue; that due diligence was exercised in obtaining the newly discovered evidence; that it is not cumulative or impeaching."

There is no showing by appellant that the newly discovered evidence would probably have changed the result on a new trial; that due diligence was exercised to obtain such evidence, or that it was not cumulative or impeaching. Under such circumstances the judgment of the trial court denying a new trial will not be disturbed. *Sullivan* v. *State* (1937), 212 Ind. 79, 6 N. E. 2d 951, *supra; Rector* v. *State* (1937), 211 Ind. 483, 487, 190 N. E. 172; *Foust* v. *State* (1928), 200 Ind. 76, 86, 161 N. E. 371, 7 N. E. 2d 794; *Bruce* v. *State* (1927), 199 Ind. 489, 497, 158 N. E. 480.

Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

NOTE.—Reported in 106 N. E. 2d 226.