**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George Finis GARNER, Defendant-Appellant.**

**Nos. 71–1326, 71–1327 and 71–1328.**

United States Court of Appeals,
Sixth Circuit.

Nov. 26, 1971.

Ray Lee Jenkins, Knoxville, Tenn., court appointed, for appellant; Jenkins & Jenkins, Knoxville, Tenn., of counsel.

Robert E. Simpson, Knoxville, Tenn., for appellee; John L. Bowers, Jr., U. S. Atty., Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., of counsel.

Before McCREE, BROOKS and KENT, Circuit Judges.

## PER CURIAM.

These appeals are from convictions, by verdict of a jury, under three separate indictments containing a total of five counts. Indictment No. 17,725, in Count I, charged the appellant with knowingly having in his possession a firearm, he having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18 App. 1202(a) U.S.C., and in Count II with wilfully and knowingly transporting firearms and ammunition in interstate commerce, he having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18 §§ 922(g) and 924 U.S.C. Indictment No. 17,726 charged the appellant with knowingly possessing unregistered firearms and destructive devices in violation of Title 26 U.S.C. §§ 5861(d) and 5871. Indictment No. 17,727, in Count I, charged knowing retention of stolen United States Postal Money Orders in violation of Title 18 U.S.C. § 641, and in Count II with knowingly possessing, with intent to defraud, fraudulent United States Postal Money Orders in violation of Title 18 U.S.C. § 472. In his appeals the appellant attacks the District Court's denial of his motion to suppress evidence obtained when his car was searched, the denial of his motion for acquittal and his conviction.

A recitation of the facts is required. On the evening of February 5, 1970, a Tennessee State Trooper was cruising on U.S. Highway 411. He testified that he observed a car coming up behind him at a high rate of speed which dimmed its lights and dropped back away from him. In a short time the car passed the trooper at which time the trooper shined his spotlight across the rear window of the car. The driver (appellant) of the car then turned off his lights and accelerated his car to speeds of upwards of 120 miles per hour. The trooper, realizing that he would be unable to catch the fleeing car, radioed ahead to officers of Blount County, Tennessee, and requested that they set up roadblocks, which was done. The pursued car broke through two of the roadblocks, but finally, after approximately 26 miles of high speed pursuit, the appellant drove into the yard of a house in the City of Maryville, Tennessee, turned and struck a police cruiser which had set up another roadblock. The Tennessee State Trooper and another officer ran to the car in question and pulled the appellant from the car, as they did so they observed a .45 caliber pistol on the floor of the car, which upon examination they found was loaded, cocked and had a shell in the chamber. Thereafter, the officers removed the keys from the car and searched the interior of the car and the trunk. In the trunk they found a shotgun (in the case), a briefcase in which they found a large number of money orders (which it developed had been stolen), another briefcase in which they found explosives and blasting caps. In the briefcases they also found a .357 Magnum pistol; 50 rounds of .357 Magnum cartridges; 47 rounds of .45 caliber cartridges; 37 rounds of .38 caliber

cartridges, and 10 rounds of 12 gauge shotgun shells.

The essential question in this case is whether the search of the car was a lawful search, because if it was then the motion to suppress was properly denied, the motion for judgment of acquittal was properly denied, 326 F.Supp. 811, and the judgments of conviction were supported by more than sufficient evidence. Appellant relies upon Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), which dealt with limitations upon the permissible extent of a warrantless search of an arrested individual's entire house. In that case the Supreme Court restricted the search to the person of the individual arrested and the immediate area of the arrest. We recognize and approve the rule set forth in United States v. Humphrey, 409 F.2d 1055, at page 1058 (10th Cir., 1969), which is stated as follows:

> "We are in complete agreement with the prevailing federal and state authority which condemns the search of persons and automobiles following routine traffic violations. Such searches can only be justified in exceptional, on the spot circumstances which rise to the dignity of probable cause. See George, Constitutional Limitations on Evidence in Criminal Cases (1969 Ed.) at p. 71."

In the present instance the officers had the option of seizing the motor vehicle until a search warrant could be obtained, or making an immediate search. As stated by the Supreme Court of the United States in Chambers v. Maroney, 399 U.S. 42, at pages 51–52, 90 S.Ct. 1975, at page 1981, 26 L.Ed.2d 419 (1970):

> "Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the 'lesser' intrusion is permissible until the magistrate authorizes the 'greater.' But which is the 'greater' and which the 'lesser' intrusion is itself a debatable question and the answer may depend

on a variety of circumstances. For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment."

Certainly there continue to be limitations upon the right of officers to search motor vehicles even after a lawful arrest. We do not presume to predict in advance the circumstances which will justify such a search. We do hold that under the facts of this case, including the high-speed chase, the appellant's obvious attempt to avoid apprehension, the discovery of the .45 caliber pistol, ready for use, after the vehicle had been stopped, gave the officers more than probable cause to search the appellant and his car. Any officer who did not search a car under such circumstances would be derelict in his duty.

For the reasons herein stated the judgments of the District Court are affirmed.