CHARLES L. TYLER *v.* STATE OF INDIANA.

[No. 1-1172A94. Filed February 14, 1973. Rehearing denied March 22, 1973. Transfer denied September 21, 1973.]

*Ronald Warrum, John D. Clouse,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen J. Cuthbert,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant was charged with second degree burglary. Trial was had by jury which became hopelessly deadlocked. A second trial was held and the jury returned a verdict of guilty. Appellant timely filed his Motion to Correct Errors and, from the overruling of that motion, this appeal is taken.

The evidence most favorable to the State reveals that Audio-Visual Repair Service, a partnership, located in the city of Evansville, Indiana, was burglarized. The last employee to leave the store after closing testified that everything was in order, doors secured, and an alarm system was in operation.

About 11:25 P.M. an alarm was received by the electronic protection service. The operator plugged into the protection system and heard activity in the store and "Negro" voices.

When the police arrived at the scene they discovered the rear door had been pried open and the owner found about $300 worth of merchandise gone. The police subsequently patrolled the area and noticed a car moving slowly with its lights off on an adjacent street. The patrol car gave chase with siren on and red lights flashing. The slowly moving car turned on its lights and eventually stopped, whereupon persons jumped from the subject automobile and began running away.

One officer gave chase and fired his revolver into the air. At this point the appellant stopped and lay down on the ground. The other policeman apprehended the driver and both the driver and the appellant were handcuffed and placed under arrest.

The officer noticed a large screw driver in the back seat and three smaller screw drivers and a penlight next to the driver in the car. The officer took the keys from the ignition and unlocked the trunk of the car and found audio-visual equipment which was identified as being taken from the robbed store. The merchandise was taken into police custody and later introduced into evidence at trial.

Appellant first contends that the verdict of the jury was not supported by sufficient evidence, and secondly, contends that the evidence was all circumstantial, did not directly show that the defendant committed the crime, and was not so conclusive as to exclude every reasonable hypothesis of innocence and did not show that the defendant was guilty beyond a reasonable doubt.

Appellant relies on the case of *Miller* v. *State* (1968), 250 Ind. 338, 236 N.E.2d 173, where our Supreme Court discussed the issue of sufficiency of circumstantial evidence as follows:

"We have recently reiterated that the State may resort to circumstantial evidence to prove essential elements of the crime charged; but in order for that circumstantial evi-

dence to be adequate, all reasonable hypotheses of innocence must be excluded. . . ."

The State of Indiana, appellee, points out that this court on appeal should look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. See *McMinoway* v. *State* (1972), 283 N.E.2d 553. This court cannot weigh the evidence, but can only examine the evidence to determine whether there was sufficient evidence to support the verdict of the jury or the finding of the trial court. *Yeley* v. *State* (1972), 153 Ind. App. 133, 286 N.E.2d 183, 32 Ind. Dec. 317.

The State contends that the protection service operator was, in effect, a witness to the crime as a result of her listening to the burglary in progress and hearing "Negro" voices.

The State also contends that a conviction can be based on circumstantial evidence if it is of sufficient probative value as to cause a reasonable man to believe said evidence. The State argues that it was reasonable for the jury to believe that the "Negro voices" heard by the operator belonged to the defendants who were found near the scene in possession of burglar tools and merchandise missing from the store.

It is our opinion that the evidence was sufficient to sustain the verdict of the jury. Indiana courts have firmly established the rule that the State may use circumstantial evidence to prove the essential elements of the crime charged. Our Supreme Court, in the case of *Christen* v. *State* (1950), 228 Ind. 30, 37, 89 N.E.2d 445, stated as follows:

"A jury must believe beyond a reasonable doubt that the accused committed the crime with which he was charged, and where the evidence is circumstantial, as it was in this case, it must be of so conclusive a character and point so surely and unerringly to the guilt of the accused as to exclude every reasonable hypothesis of his innocence. However, this rule is for the guidance of trial courts and juries and should be observed by them. It is not for this court. This court has upon it a duty to consider, not to weigh

the evidence in this case for the purpose of determining whether there is any substantial evidence of probative value from which a jury reasonably could have inferred that the appellant was guilty of the offense charged. [Citing cases. . . ."

See, also, *Hardesty* v. *State* (1967), 249 Ind. 518, 231 N.E.2d 510; *Coach* v. *State* (1968), 250 Ind. 226, 235 N.E.2d 493; *Melvin* v. *State* (1968), 249 Ind. 351, 232 N.E.2d 606.

In *Mims et al.* v. *State* (1957), 236 Ind. 439, 140 N.E.2d 878, the court held that:

"Exclusive possession of property shown to have been stolen, shortly after the larceny, unquestionably is a circumstance to be considered by the jury, and if ▉ proof is made that such larceny was recently committed and there is no evidence to explain the possession of the defendants, a larceny conviction based upon such evidence will be sustained on appeal. . . ."

The circumstantial evidence in this case has been set out herein. It is our opinion that the evidence was of such probative value as to support the reasonable inference of guilt on the part of the defendant. We find no reference to any other reasonable hypothesis offered by the defendant.

Appellant next contends that the evidence found in the trunk and introduced at trial was a product of an illegal and unlawful search and seizure and said evidence should not have been admitted at trial and defendant's motion to suppress that evidence should have been sustained.

In his brief, appellant cites and quotes extensively solely from *Paxton* v. *State* (1970), 255 Ind. 264, 263 N.E.2d 636, to support his contention. While *Paxton, supra,* did thoroughly discuss the area of search and seizure and set out stringent guidelines, we find that the case tends to support the position of the State. After quoting from *Chambers* v. *Maroney* (1970), 399 U.S. 48, 90 S. Ct. 1979, Justice Hunter stated the rule as follows:

"Thus, due to the exigent circumstances existing where one is arrested while in an automobile, it may be searched entirely without regard to the officer's safety or the possible destruction of evidence, *provided* there is probable cause to believe that seizable items are there contained." *Paxton, supra.*

The law is that a warrantless search and seizure is lawful if the officer has probable cause to believe that items which are contained in the automobile are such that the officer is entitled to seize. See, *Isaac* v. *State* (1971), 257 Ind. 319, 274 N.E.2d 231; *U.S.* v. *Garner* (1971), 451 F. 2d 167; *Chambers, supra; Carroll* v. *United States* (1925), 267 U.S. 132, 45 S. Ct. 280; and *Paxton, supra.*

It is our opinion that the facts of the instant case afforded the officers probable cause to search the automobile in question. The automobile was observed near the scene of the burglary; it was being driven in a suspicious manner; the appellant fled from the scene and stopped only after the officer fired his gun; burglary tools were found in plain view in the car. A large screw driver found in plain view on the rear seat of defendant's car fit into the damaged portion of the door facing where the door had been pried open for entry into the building. Also, electrical appliances had been removed from the store and it was probable they were locked in the car's trunk. These and other facts certainly gave the officers probable cause to believe that seizable evidence of the burglary was present in the car.

For the above stated reasons, the evidence in question was properly admitted into evidence and appellant's Motion to Suppress was properly overruled.

Appellant next contends that reversible error was committed when the trial court gave State's Instruction No. 3 to the jury over defendant's written objection. State's Instruction No. 3 reads as follows:

"It is the law of Indiana that every person who shall aid or abet in the commission of a felony, or who shall counsel,

encourgage, hire, command, or otherwise procure a felony to be committed, may be charged by indictment, or affidavit, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged, indicted or convicted; and, upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal.

"To aid under the law is to knowingly aid, support, help or assist in the commission of a crime. It is the being present at the time and place, and knowingly doing some act to render aid to the actual perpetrator of the crime, though without taking a direct share in its commission.

"If you find from all the evidence in the case beyond a reasonable doubt that the offense charged in the affidavit was committed by some person, and you further find beyond a reasonable doubt that the defendant gave aid to the person who committed such offense, then you may find the defendant guilty of such offense as a principal."

It is appellant's position that the evidence at trial could not and did not show that the defendant "aided and abetted" in the commission of the offense any more than said evidence established the defendant's guilt as a principal to the crime of second degree burglary. Appellant contends that even if there was evidence of the defendant's guilt, it is only conjecture whether he was a principal or an accessory.

He further contends that the instruction damaged the defendant by suggesting an additional theory for defendant's guilt not supported by the evidence, and relies on the case of *Robinson* v. *State* (1899), 152 Ind. 304, 53 N.E. 223, which held:

"And it constitutes reversible error if inapplicable instructions tend to injure the complaining party."

Appellee contends that the instruction is a correct statement of the law and was properly given to the jury. Appellee states that the issue of proof of whether the defendant aided and abetted must be decided by the trier of facts.

We are unable to agree with the appellant's argument as set out above.

Our Supreme Court, in the case of *Bays* v. *State* (1959), 240 Ind. 37, 159 N.E.2d 393, at page 51, said:

". . . the law is now settled that a person may be charged with a crime as a principal and convicted on evidence that he aided in the commission of the crime, *Evans* v. *State* (1946), 224 Ind. 428, 68 N.E.2d 546, and that in the presence of evidence to support it, an instruction based upon the statute, § 9-102, Burns' 1956 Repl., which makes accessories guilty as principals, is proper. *Workman* v. *State* (1939), 216 Ind. 68, 21 N.E.2d 712, 23 N.E.2d 419."

In the case of *Workman* v. *State* (1939), 216 Ind. 68, 21 N.E.2d 712, 23 N.E.2d 419, at page 78, our Supreme Court said:

". . . In *Brunaugh* v. *State* (1910), 173 Ind. 483, 90 N.E. 1019, the rule is clearly laid down that, under an indictment in the usual form, which merely follows the language of the statute, a conviction will be sustained upon evidence that the accused actually committed the crime, or that he aided or abetted in its commission, or that he counseled, encouraged, hired, or procured another person to commit it, or that he committed it through the medium of an innocent agent. We are unable to find that this rule has ever been doubted in this state in a case in which the question was presented. See *Peats* v. *State* (1938), 213 Ind. 560, 12 N.E.(2d) 270, and *Breaz* v. *State* (1938), 214 Ind. 31, 13 N.E.(2d) 952. Since the accessory may, under the statute, be tried and convicted 'in the same manner as if he were a principal,' it cannot be seriously doubted that the venue must be laid in the jurisdiction where the principal would be prosecuted."

In the case at bar the appellant and his original co-defendant were apprehended in a slow moving automobile with no lights, within two blocks of the burglarized premises and when stopped by the police appellant left the car and ran and stopped only after warning shots were fired by the policeman.

Although the weather was moderate he was wearing gloves, all of which would provide a basis for giving the instruction.

In our opinion the instruction is proper.

*Hoy* v. *State* (1949), 227 Ind. 346, 85 N.E.2d 493; *Freeman* v. *State* (1967), 249 Ind. 211, 231 N.E.2d 246.

Appellant next contends as reversible error that the trial court improperly refused defendant's tendered Instruction No. 3, which would have instructed the jury that the State had not proved the defendant guilty of aiding and abetting. We have heretofore in this opinion held that it was proper to instruct the jury on aiding and abetting and, further, that there was evidence to support that instruction. Thus, it necessarily follows that the court did not err when it refused to tender the instruction in question.

Appellant next contends that the trial court erred in overruling defendant's motion to modify the judgment. He argues that the original co-defendant, who pleaded guilty to the lesser included offense of "entering to commit a felony," was sentenced to not less than one nor more than five years. Appellant upon his conviction for second degree burglary was sentenced to not less than two nor more than five years.

Appellant contends that the State's theory was that the defendant was an accessory of his co-defendant and under Ind. Ann. Stat. § 9-102 (Burns 1956 Repl.) he could suffer only the same punishment and penalty as given to the principal.

We are not convinced by this argument. Appellant was charged with and found guilty of second degree burglary. His co-defendant pleaded guilty to a different offense and was not found to be a principal in the crime by a jury. Appellant's co-defendant not being found to be a principal, we cannot see why appellant should have his sentence modified. The court properly overruled defendant's motion to modify the sentence.

Finally, appellant contends that the verdict of the jury was contrary to law in that it was not supported by sufficient evidence to support the theory of accessory. We have heretofore in this opinion discussed this issue and have found that the verdict was not contrary to law.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.