JOSEPH SARET *v.* STATE OF INDIANA.

[No. 3-175A2. Filed September 5, 1975. Rehearing denied October 27, 1975. Transfer denied May 27, 1976.]

---

*Kenneth M. Waterman, Parker, Hoover, Keller, & Waterman,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert M. Lingenfelter,* Deputy Attorney General, appellee.

HOFFMAN, J.—Defendant-appellant Joseph Saret was convicted by a jury as an accessory before the fact to the crime of second degree burglary. His motion to correct errors was overruled by the trial court, and he perfected this appeal.

On appeal, appellant Saret first contends that his conviction is erroneous in that he was charged with "aiding and abetting" a felony, but was convicted of being an "accessory before the fact" to a felony.

IC 1971, 35-1-29-1, Ind. Ann. Stat. § 9-102 (Burns Supp. 1974), provides:

"Accessory before the fact.—Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command, or otherwise procure a felony to be committed, may be charged by indictment, or information, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged, indicted or convicted; and, upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal."

The cornerstone of appellant's argument as to this issue is an assertion that IC 1971, 35-1-29-1, *supra*, creates two separate and distinct crimes: aiding and abetting a felony, and being an accessory before the fact to a felony (counseling, encouraging, hiring, commanding, or procuring a felony to be committed).

However, such distinct crimes have never been recognized under this statute by our courts. Rather, the rule has long been that such statute creates but one crime, and a conviction for such crime may be sustained by proof of any one of the acts named therein. This is demonstrated by the case of *Workman* v. *State* (1939), 216 Ind. 68, at 78, 21 N.E.2d 712, 23 N.E.2d 419, at 420, wherein our Supreme Court stated, on petition for rehearing:

"In *Brunaugh* v. *State* (1910), 173 Ind. 483, 90 N.E. 1019, the rule is clearly laid down that, under an indictment in the usual form, which merely follows the language of the statute, a conviction will be sustained upon evidence that the accused actually committed the crime, *or* that he aided or abetted in its commission, *or* that he counseled, encouraged, hired, or procured another person to commit it, *or* that he committed it through the medium of an innocent agent. We are unable to find that this rule has ever been doubted in this state in a case in which the question was presented. See *Peats* v. *State* (1938), 213 Ind. 560, 12 N.E. (2d) 270, and *Breaz* v. *State* (1938), 214 Ind. 31, 13 N.E. (2d) 952." (Emphasis supplied.) Accordingly, this contention is unavailing to appellant.

The second and final contention made by appellant is that the trial court erred in refusing to give his requested Instruc-

tions Nos. 7 and 10 pertaining to the intent which must be shown to convict an accused under IC 1971, 35-1-29-1, *supra*. However, the substance of these instructions was covered by the State's Instruction No. 4, which was given by the trial court. The refusal of appellant's instructions by the trial court cannot warrant reversal. *Patterson* v. *State* (1975), 263 Ind. 55, 324 N.E.2d 482.

Furthermore, insofar as appellant's requested Instruction No. 10 states that an accused's presence at the time and place of the commission of the crime is essential to establish his culpability under this statute, it is an incorrect statement of the law. See: IC 1971, 35-1-29-1, *supra*. Appellant's requested Instruction No. 10 was properly refused by the trial court because it erroneously stated the law. *LaDuron* v. *State* (1973), 157 Ind. App. 189, 299 N.E.2d 227, (transfer denied).

The judgment of conviction appealed from is affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 333 N.E.2d 920.